ALFRED EDWARDS vs. I. G. HASBROOK — Writ of Error from Galveston County.

Where a party is both the maker and indorser of a promissory note, he may be sued thereon, in the latter capacity, by his indorsee.

Where a bill or note is made payable at a specified time and place, it is not necessary, in an action against the acceptor or maker, to aver or prove a demand or presentment for payment at the place. But if the acceptor or maker was ready to pay at the time and place specified, that would be matter of defense. [5 Tex. 171; 9 Tex. 472.]

The material facts of this case are stated in the opinion of the court.

*Alexander*, for plaintiff in error, in opposition to the defendant's first exception to the petition, cited Major v. Hammond, 9 B. & C. 364; Roche v. Campbell, 3 Camp. 247; Block v. Bell, 1 M. & Rob. 149; 3 Kent, 75. As to the second exception, he cited the case of Wallace v. McConnell, 13 Pet. 136.

No appearance for defendant in error.

Mr. Justice WHEELER delivered the opinion of the court.

This was a suit by the plaintiff in error against the defendant in error, upon a promissory note.

[579] The petition alleges " that I. G. Hasbrook, on the 22d day of August, in the year 1843, made his certain promissory note in writing, bearing date the day and year aforesaid, and thereby then promised to pay, forty days after the date thereof, to the order of I. G. Hasbrook, the sum of, etc., . at the Bank of Salina, etc. . . . And the said I. G. Hasbrook, to whose order the said sum of money in the said note specified, was to be paid," etc., . . . " indorsed the said

note, by which said indorsement the said I. G. Hasbrook ordered the said sum of money in the said note specified, to be paid to your petitioner."

There is the further averment of the refusal of the defendant to pay the contents of the note sued on, and the usual prayer for process and judgment.

The defendant excepted to the legal sufficiency of the petition, and assigned his causes of exception as follows:

1. Said defendant is complained of as indorser.

2. It does not appear, by averment, that said note was ever presented for payment at the Bank of Salina.

3. It does not appear that said note has not been fully paid and discharged.

It appears from a bill of exceptions in the record that the court sustained these exceptions upon the first and second causes assigned. The third cause does not seem to require particular notice.

1. It clearly was competent for the defendant, by his indorsement and delivery of the note to the plaintiff, to render himself liable for the payment of its contents. The fact that he was also the maker of the note is a sufficient answer to the objection that he is sued as indorser.

2. Upon the second objection, the only one which seems deserving of particular notice, and which raises the question whether it be necessary for the holder of a note, made payable at a particular time and place, to aver a presentation or demand of payment at the place, there [580] has been much diversity of opinion and contrariety of adjudications.

The decision of the house of lords in the case of Rowe v. Young, 2 Brod. & Bing. 165, settled the law in England, that if a bill or note be payable at a particular place, in an action upon it, the plaintiff must aver and prove a presentment for payment at the place. 3 Kent's Com. 97, and cases cited in n. b. 5th ed. But the current of American decisions maintains the opposite doctrine. Id. 99, n. b.

The question has been productive of much litigation and discussion. But since the decision of the supreme court in the case of Wallace v. McConnell, 13 Pet. 136, it may be re-

garded as the settled doctrine of the federal courts; and with very few exceptions (15 Martin, 423; 12 La. 455; 1 Harrington, 10), of the state courts throughout the Union, that, where a bill or note is made payable at a specified time and place, in an action against the acceptor or maker, it is not necessary to aver or prove a demand or presentment for payment at the place. 4 Johns. 183; 17 id. 248; 8 Cow. 271. But if the acceptor or maker was ready to pay at the time and place specified, that would be matter of defense. 3 Wend. 1; 4 Halst. 189; 3 Fairf. 19; 17 Mass. 389; 3 Wend. 1; 1 Ohio, 483; 1 Yerg. 502; 2 id. 81; 1 Stewart, 234, and see the cases cited in Wallace v. McConnell, and in 3 Kent, 99, n. b. of the 5th edition.

Accordingly was the decision of the supreme court of the republic, in Hardin v. Titus, Dall. 622.

Not deeming it necessary or useful to add another to the numerous disquisitions upon this question, we are content to follow the great current of American decisions which regard the averment, the absence of which was the ground of the exception in this case, as unnecessary. We are of opinion that the court erred in sustaining the defendant's exceptions to the petition. The judgment is therefore reversed, and the cause remanded for further proceedings.