Jones, J.
—The deposit in a bank at which a note is payable, of sufficient money to pay it, is not a payment of it, nor is it such an extinguishment that the holder cannot thereafter recover from the maker, in an action brought, the amount due on the note.
Such deposit is simply a tender of the amount, and as such, if properly pleaded to a suit thereafter brought, it bars the recovery of interest subsequent to the tender, and of all costs subsequent to the payment of the money into court, if the plaintiff accepts the money ; if, however, the plaintiff does not accept the money, but goes to trial, then, if defendant establishes his defense of tender, such defense bars the recovery of all interest subsequent to the tender, and all costs, and entitles the defendant to costs. But this is the only effect of a plea of tender. It does not *20 in any event bar a recovery of the principal amount due, with interest to the day of tender (Wolcott v. Van Santvoord, 17 Johns., 247 ; Caldwell v. Cassidy, 8 Cow., 271 ; Grah. Pr., 454-460 ; Burrill's Forms, ed. May 4, 1840, 338).
Conceding then, that the tender in this case was sufficiently pleaded, still the plaintiff would be entitled to recover the amount of the note, although he would have to pay the costs of the action.
But the tender is not sufficiently pleaded. There is no allegation in the answer that the money then was, or theretofore had been, brought into court; and in point of fact, the money never has been brought into court.
To make a plea of tender good and sufficient, it is necessary, not only that the money should be actually brought into court, but that the answer should aver that fact (see cases above cited).
It, therefore, follows, that neither the answer nor the proof given under it, constituted a bar to plaintiff’s recovery of the debt, of the interest thereon, and of the costs of suit.
Defendant, however, suggests that plaintiff cannot recover unless he has demanded payment at a place at which the note is payable, and that such demand must be made after three o’ clock on the last day of grace.
Mo demand whatever is necessary to enable the plaintiff to maintain Ms action (Wolcott v. Van Santvoord, 17 Johns., 247).
Consequently, in this aspect of the case, it is unnecessary to consider the effect of a demand between ten and eleven in the morning, not followed up by a demand after three.
If the tender had been sufficiently pleaded, then the question might arise, whether a dejDosit made before three on the last day of grace, but after a demand and refusal at an earlier period of the day, would amount to a tender.
As under the present pleadings, it is unnecessary to pass on that point, I refrain from considering or intimating an opinion on it.
*21 As it is wholly unnecessary, in any case whatever, to protest a note for non-payment as against the maker, the questions as to whether the custom proved to exist in the city of New York, that a note payable at a bank on a certain day cannot be protested until after three p. me. of the last day of grace, can be allowed to have any effect at all, and, if it has any effect, then what that effect is, do not ( arise for decision.
Motion for a new trial must be denied with $10 costs.
From this decision the defendants appealed to the court at general term-, where the cause was heard, and in Oct., 1867, the decision reported was affirmed upon the grounds stated in the foregoing opinion. No further opinion was delivered by the court at general term.