Judgment for the plaintiff.

ALBANY,
February, 1809.

Clark
v.
Barlow.

---

## CLARK *against* BARLOW.

This was an action of *covenant* for non-payment of *rent,* and the only question submitted to the court was, whether the plaintiff was entitled to recover *interest* on a rent, being a specific sum, payable *in money.*

*Interest* is allowable in an action of covenant, for a certain sum due for rent, and payable in money.

*Per Curiam.* We are of opinion, that in an action of covenant brought to recover a sum certain, due for rent, and payable in money, the plaintiff is entitled to recover the interest.

---

## FODEN and SLATER *against* R. SHARP, who is impleaded with J. SHARP.

*Sedgwick,* for the defendants, moved to set aside the verdict, taken by default in this cause, for *irregularity,* and also on the *merits,* and asked whether it was to be heard as a non-enumerated motion.

*The court* said, that it must come on to be heard as an enumerated motion.

Where a bill of exchange is drawn in *England,* and payable there, the holder can recover only 5 *per* cent. interest. The *acceptor* of a bill of exchange, in a suit against him, cannot object to a protest for non-payment, that it does not state that a demand was made on him personally; it is sufficient, if it be stated, that payment was demanded at the house or place where the bill was accepted, to be paid.

A motion to set aside a verdict for irregularity, and also on *the merits,* is an enumerated motion.

ALBANY,
February, 1809.

Foden & another
v.
Sharp.

It appeared, that the declaration contained several counts, for goods sold and delivered, and on a bill of exchange, drawn by the plaintiffs, at *Manchester*, in *England*, (payable to themselves or order,) on the defendants, and accepted by them, to be paid at a mercantile house in *London*. *John Sharp*, one of the defendants, and partner of *Robert Sharp*, the other defendant, was in *England*, and accepted the bill there, and a demand of payment was made here on *Robert Sharp*, who alleged, that he did not know on what account the bill was drawn, nor did it appear that the bill had ever been presented to the defendants, at the house in *London*, where it was made payable, and that the first knowledge he had of the bill, was an application here for the payment of it.

On taking the inquest in the cause, the only evidence offered to the jury was the bill of exchange, and a protest made in *London*, for non-payment. The protest stated, that the demand of payment was made of a clerk of the house where the bill was payable, according to the acceptance ; but did not mention that any demand had been made of the defendants. The jury, in assessing the damages, allowed interest at the rate of *7 per cent.*

*Harison* for the plaintiff.

*Per Curiam.* The holder of a bill of exchange need not show a demand of payment of the *acceptor*, any more than of the maker of a note. It is the business of the acceptor to show, that he was ready, at the day and place appointed, but that no one came to receive the money, and that he was always ready, afterwards, to pay. In *Smith* v. *Delafontaine*, (*Bayley* 78. note *a.*) it was so decided. The bill having been drawn in *England*, and made payable there, the plaintiffs were entitled to *5 per cent.* interest only. A sum must, therefore, be deducted from the verdict, equal to the difference between 5 and *7 per cent.* interest. The residue of the motion must be denied, and the plaintiffs are to pay the costs of the application.