*238 The Chief Justice delivered the opinion of the court.
The question presented in this cause is whether in an action by the payee of a promissory note, payable at a particular place, and hot on demand, but at time, it is necessary to aver a presentment of the note and demand of payment by the holder at that place at the maturity of the note. It embraces also the necessity of such proof on the trial, because if such averment be essential to the declaration, the proof on the trial is indispensably required.
This subject has, of late years, undergone much discussion and some contrariet3r of determination in the English courts. It has been held that in an action against the maker of a note made payable in the body of it at a particular place, there was no necessity of proof of a presentment at that place. Wild v. Rennards, 1 Campb.; N. P. Rep. 425, note. Nichols v. Bowes, 2 Ibid. 498. Where no place of payment was mentioned in the body' of a note, but a memorandum was made in the margin or at the foot that it would be paid at a particular place, it has been held that the place of payment and presentment at that place need not be averred in the declaration, Saunderson v. Judge, 2 H. Bl. 509; nor proved on the trial, Price v. Mitchell, 4 Campb. 200, Richards v. Milsington, 1 Holt. N. P. Rep. 363, note. Again; it has been held that in an action on a note against the *190] maker, where the place of payment *was mentioned in the note, a presentment at such place was a condition precedent and must be shewn in the declaration, Saunderson v. Bowes, 14 East, 498; Dickinson v. Bowes, 16 East, 108; Bowes v. Howe, Excheq. Chamb. 5 Taunton, 30. Where a bill of exchange was drawn without place of payment inserted in the body of it, but there was a special acceptance making it payable at a particular place, it was held by the court of King’s Bench, and by Lord Mansfield, Lord Ellenborough and Chief Justice Gibbs, at nisi prius, that a presentment at such place need not be averred. Fenton v. *239 Goundry, 13 East, 459; Smith v. Delafontaine, cited by Lord Elleuborough in 13 East, 470; Rowe v. Williams, 1 Holt, 363, note; Lyon v. Sundius, 1 Campb. 423; Head v. Sewell, 1 Holt, 363. The contrary doctrine was held in the Court of Common Pleas, Ambrose v. Hopwood, 2 Taunt. 61; Callaghan v. Aylett, 3 Taunt. 397; Gammon v. Schmoll, 5 Taunt. 344. By recent decisions, however, as well of the King’s Bench as of the House of Lords, the rule which now prevails is, that where the note or bill is made payable at a particular place, or where the latter is accepted payable at a particular place, a presentment at such place must bo averred in the declaration and proved on the trial. Cowie v. Halsall, K. B. 1821, 4 Barn, and Ald. 197, Rowe v. Young, in the Plouse of Lords, 1820, 2 Broderip and Bingham, 165. This was an action against the acceptor of a bill of exchange accepted to be paid at a particular place, and the House of Lords decided that an averment of presentment at that place was necessary in the declaration. It ought, however, to be remarked, and the case in this respect is one of rare occurrence, that the judgment was given against the opinions of a large majority, eight, of the common law judges, who held the averment to be unnecessary. Tbg other four judges and the two Chancery lawyers, Eldon and Redosdale, expressing opinions which were adopted by a majority of the Plouse.
This subject has also undergone investigation in the American courts, and here, a much greater uniformity of opinion and decision has prevailed. In Foden v. Sharp, 4 John. 183, which was an action by the payee against the acceptor of a bill of exchange accepted payable at a particular place, the Supreme Court of New York said, “The holder of a bill of exchange need not shew a demand of payment of the acceptor, any more than of the maker of a note. It is the business of the acceptor to shew that he was ready at the day and place appointed, but that no one came to ^receive the money, and that he was always after- [*191 *240 wards ready, to pay.” ' The case .of Wolcott v. Vansantford, 17 John. 248, was an action by the payee against the acceptor of an inland bill of exchange, drawn at five months, payable at the Bank of Utica. A demurrer was taken to the declaration because the bill was made payable at the Bank of Utica, and there was no averment that it was presented there on the 'day it became payable.' The court, after a very full andoelaborate argument by Chief Justice Spencer, held that averment and proof of such presentment were unnecessary ; “ that the time and place of payment are nperely modal, forming no essential part of the contract; that it is incumbent on the defendant, whether the payee was at the place at the time appointed or not, to shew in his defence that he was there ready and whiling to pay, and that the payee did not come, &c.; that the consequences of the absence of the payee under such circumstances, unless he makes a subsequent special demand, and there be then a refusal, are merely that he-must be content with receiving the sum originally payable, and if he sue without having made a special demand, he loses all claim to damages and costs.” In the case of Dodge v. Lanman, in error in the Supreme Court of Connecticut, for Hartford county, in Eebruary term, 1806, cited in a note of Mr. Day, -the American editor of East’s Reports, 7 East, 388, it was held that in an action 'against the maker of a promissory note made payable at a particular place, there is no necessity of proving a presentment there for payment.
In Carley v. Vance, 17 Mass. 389, which was an action by the payee against the maker of a promissory note drawn payable at time, at a particular place in Boston, Wilde, Justice, in delivering the opinion of the court, says, “The objection taken in this case to the declaration for want of an allegation of a demand at the time and place appointed for payment, cannot, we think, be maintained. It is difficult to reconcile all the cases, but the weight of authority is opposed to the objection, and it has no foundation in prin *241 ciplo.” “ In an action against the maker of a promissory noto, or the acceptor of a bill of exchange, no good reason can be given for requiring the plaintiff to aver a demand. If the defendant was ready with his money at the time and place stipulated, he may plead it as a matter of defence.”
In the case of The Bank of the United States v. Smith, 11 Wheat. 175, Justice Thompson, delivering the opinion of the Supreme *Oourt of the United States, says, [*192 “This question however does not necessarily arise in the case now before the court, and we do not mean to he understood as expressing any decided opinion upon it, although we are strongly inclined to think that as against the maker or acceptor of such a note or bill, no averment or proof of demand of payment at the place designated would be necessary.”
After this review of the matter, I have no hesitation in expressing my entire concurrence in the American decisions, so far as is necessary for the present occasion, that on a promissory note made payable at a particular place, in an action by the payee against the drawer, a special averment of presentment at that place is not necessary to the formality or validity* of the declaration, nor is proof of it requisite, on the trial on a plea of non-assumpsit,'to sustain the issue on the part of the plaintiff. This rule, I am satisfied, is most conformable to sound reason, most conducive to public convenience, best supported by the general principles and doctrines of the law, and most assimilated to the decisions which bear analogy, more or less directly to the subject, as for instance, on a bond, rent, and an award. An obligation with a condition for the payment of money at a particular place does not require a special averment in the declaration, which merely alleges a non-payment by the defendant. Shep. Touch. 376. [390]; Rastal. 158, b. pl. 1 In declarations for rent payable on the land, or generally, an averment of demand on the land, is unnecessary. 2 Chitty plead. 173, 191; 1 Lilly, 130, 135, 141, 148, 155, *242 168; Rastal. 175, a. pl. 4.; Shep. Touch. 376 [391], On an award directing the payment of money at a particular day and place, the declaration need not assert a demand at that day and place, Lambard v. Kingsford, 1 Lutw. 207. Precedents in Caldw. on Arbitr. 332. I am aware that ingenuity has labored to shew distinctions between these cases and the present; but they are specious, not solid. It is not however my design to enter into a full discussion of the matter. The luminous and elaborate arguments of those distinguished jurists of our own country, Spencer and Wilde, render it unnecessary; and the discussions and reasonings of the judges who dissented from the House of Lords, in the case of Rowe v. Young, already mentioned, cannot be read without profit, nor, as I think, without conviction.
Let the demurrer be overruled.