THE PEOPLE, *ex relatione* Dey, *vs*. THE SUPERIOR COURT OF THE CITY OF NEW-YORK.

Where a bond is conditioned for the payment of money at a future day with interest semi-annually, and it is provided that in default of the payment of interest at the time specified, the whole of the debt (the principal with the unpaid interest) shall become due, and a default in payment of interest happens, and an action is brought demanding the whole debt, the defendant is not entitled on bringing into court the arrears of interest with the costs to a rule for discontinuance, but is liable to the payment of the principal as well as interest.

April, 1838.

MOTION for *mandamus*. An action was commenced in the superior court of the city of New-York, on a bond made by Solengen & Tryon to the relator, bearing date 30th April, 1836, in the penal sum of $30,000, conditioned to pay $15,000 on or before 1st May, 1841, with interest at 6 per cent., payable half yearly, on the first days of November and May in each year. It was further agreed, that "in case of default of payment of the interest at any one of the several days and times, in which the same is limited to become due and payable, then and in such case the whole of the said principle sum above mentioned with the interest unpaid thereon shall become due and payable, and the above obligation shall re-

main in full force." The half year's interest that fell due 1st May, 1837, remaining unpaid, this suit was instituted the next day. On the 20th May, a tender of interest and costs was made to the plaintiff and refused, on the ground that the whole principal had become due. A motion was subsequently made for leave to bring the money tendered into court, and for discontinuance of the suit, which was granted. An alternative mandamus having been heretofore allowed, a return was made thereto, and on the coming in thereof, a peremptory mandamus was asked for by the relator. The motion was argued by

*B. W. Bonney & S. Stevens,* for the relator.

*D. B. Ogden,* contra.

*By the Court,* NELSON, Ch. J. A peremptory mandamus, it is urged, should issue on the grounds : 1. That the whole amount of the condition of the bond had become due ; and 2. Even if the construction of the court below was correct, the plaintiff was entitled to judgment upon the penalty to secure the payment of the accruing instalments.

As to the first ground assumed in behalf of the relator : The condition of this bond must be construed agreeably to the rule applicable to every other contract, and that is, according to the intent of the parties, as derived from the language used in the instrument. Courts have no other guide, and when the intent is thus ascertained, they are bound to carry it into effect unless repugnant to law, whatever may be their notions of its wisdom or equity. Now, with all due respect for the learned court below, it appears to me that the intent and meaning of the parties could not be more plainly expressed in the English language, than it is here : indeed, as is obvious enough, special pains have been taken in respect to this part of the contract, for some sixty folio are employed for no other purpose. The defendants have thereby deliberately and solemnly agreed, that in case of default in any one payment of interest, the whole principal and interest should become due and payable. For aught we know, and

ALBANY, April, 1838.

The People v. Superior Court of New York.

as is fair to presume, without this part of the contract the obligee would have refused to enter into it. It is impossible to say it is not material; if there was nothing else, the zeal with which it is resisted repudiates that idea. Why then should it not be carried into full effect? It is not pretended that there is any thing illegal in the stipulation, or that the defendants were not competent to make it, or that it was made under duress, or any other circumstances shown which should operate to absolve them.

But it is supposed the statute, 2 R. S. 353, § 12, 13, has conferred powers upon the courts to dispense with it. By the 13th §, in an action upon a bond conditioned to become void on the payment of a less sum, the defendant may at any time before judgment, pay to the plaintiff or bring into court for his use, the *principal sum and interest due*, together with costs, and thereupon such action shall be discontinued. Now, I am unable to comprehend how this provision touches the real and only question involved in the case, or how it has any bearing upon the case at all until after that question is determined. True, by paying the *principal sum and interest due*, &c. the action shall be discontinued; but the inquiry still is, *what sum is due?* As we have already said, without dispensing with the solemn agreement of the parties we must say the whole sum, principal and interest is due, and if so, the whole must be brought into court according to the section. If any authority was wanting in support of the above view, both as to the construction of the contract and the powers of the court, we might refer to the recent case of *James* v. *Thomas*, 5 Barn. & Ald. 40. There the condition was for the payment of £280 in three years, with interest half yearly, "and also that the obligee should be at liberty to call in and demand payment of the said principal money and all interest thereon, in default of the payment of the said interest half yearly." One year's interest being due and unpaid, the plaintiff demanded in the action the *principal* as well as *interest*. A motion was made to the king's bench for a rule staying all proceedings on payment of the year's interest, &c.; but the learned judges were clear that the whole principal had become due

and payable, and denied the motion.  The case again came <span style="float:right">ALBANY,<br>April, 1838.</span> up after verdict, on motion to confine the sum to be levied to the *interest in arrear*, the judgment to stand as security in case of future breaches.  But this motion was also denied, the court again expressing a clear conviction that the principal was due.  The same rule of construction was settled long before (1774) in *Gowlett* v. *Hanforth*, 2 W. Black. R. 958, and is to be found distinctly laid down in all the books of practice.  1 Tidd, 486.  2 Archb. Pr. 206.  Burns Pr. 272.

The People
v.
Superior Court
of New-York.

A distinction was suggested between this case and those referred to, namely, that it was to be inferred from these cases that the principal was due, at the time of the contract entered into postponing the payment, and that a non-compliance with the terms of postponement revived the present indebtedness. This was an argument used by Lord Mansfield in a peculiar case, 3 Burr. 1370; but the rule has never been put upon any such distinction, as will be seen by. reference to the cases and books of practice; and surely there is no ground for it unless we deny to parties the power to fix the terms of payment of a debt originating with and at the time of the contract.

II. But even if we could have concurred with the court below in the construction of the condition of the bond, we think they erred in the disposition of the case.  It was at first decided under the act, 4 Ann, c. 16, § 13, from which our 12th § is taken, 1 R. L. 518, § 6, 2 R. S. 353, § 12, that a bond conditioned for the payment of money by instalments did not come within it; but it was afterwards settled that the court would stay the proceedings if the defendant was solvent on payment of arrears and costs, *and giving judgment as a security for future instalments, with stay of execution till they become due*, 2 Strange, 814, 957, 2 Wm. Bl. R. 706, Tidd, 485, 2 Archb. 206, 3 Burr. 1374.  Burns, 272; *and not otherwise.*  See 2 Archb. 206, and cases referred to.  The statute of 4 Ann in terms applied only to bonds conditioned for the payment of a gross sum, and contemplated the payment of the whole amount; hence it declared the paying of the money into court should operate as a discharge of the bond, and that the court should give

ALBANY,
April, 1838.

Dederick's
adm'rs
v.
Richley.

judgment to that effect. But this, in practice, amounted to nothing more than entering a rule for judgment of discontinuance of the action, reciting the grounds of it. The revisers have changed the phraseology of our statute, § 13, so as to conform in terms to this practice, as follows: "thereupon such action shall be discontinued." Their note to it is, " varied in language to express its intent." The 6th §, 1 R. L. 518, was a literal copy of 4 Ann, and the *intent* referred to was the meaning of that statute as derived from the practice under it, and which we had followed. Now there never was any practice under it, in England or here, that enabled a defendant in an action on a bond payable by instalments, to bring into court the amount of the moneys in arrear with costs, and be discharged by discontinuance of the action or otherwise. The courts permitted him to bring in the moneys within the equity of the act, and then on giving judgment for the penalty as a security for future payments, execution was stayed. It is obvious, therefore, that the alteration must have been something more than " to express the intent " to work the change in the practice under it, claimed by the defendants below.

Upon either of these grounds we are of opinion a peremptory mandamus should issue.