Green v. Goings.

————— •••—————

SAME TERM. *Before the same Justices.*

S. K. GREEN *vs.* GOINGS.

The record of a judgment in favor of the holder of a draft, against the maker, indorsers and acceptor, is not evidence of presentment, demand and notice, in an action by an indorser against the acceptor.
But in connection with the execution issued thereon, and other proof, it is admissible to show that the indorser had paid the draft, after it was in judgment.
In such suit by the indorser against the acceptor, payment of the judgment recovered in the suit brought against the maker, indorsers, and acceptor, and possession of the bill by the plaintiff, are sufficient evidence of ownership.

Green *v.* Goings

Where the drawee of a bill accepts payable at a particular place, he is considered the principal debtor, liable without demand; a suit, as in other cases of a precedent debt or duty, being a sufficient demand. But he may defeat a suit by showing that he was at the place, ready to pay, according to his acceptance.

THIS suit, commenced in 1845, was brought by the plaintiff as indorser against the defendant as acceptor of a draft, of which the following is a copy, with the indorsements:

"$450.                              Canton, 1st April, 1842.

Sixty-five days after date, please pay to the order of S. K. Green & Brother four hundred and fifty dollars, and charge to the account of yours, &c. value rec'd.      ROSWELL GREEN.

To Mr. Charles Goings, Syracuse."

(Indorsed)     " S. K. Green & Brother
                    Simeon D. Moody."

It was accepted on its face thus: " Accepted, payable at Onondaga Co. B'k.    Ap. 30, 1842.    Charles Goings." The defendant pleaded the general issue. The cause was tried at the St. Lawrence circuit in August, 1848, before Justice Edmonds. The plaintiff offered in evidence an exemplification of the record of a judgment in favor of the Lewis County Bank against the plaintiff and defendant, and R. Green and S. D. Moody, for $486,16, recovered in the supreme court on this draft, and docketed Oct. 20, 1842. He also offered to prove that an execution was issued thereon, which was satisfied by the plaintiff. The defendant objected to this evidence, because the record of judgment was not between the same parties, nor was it evidence to establish the presentment, demand and notice, necessary to charge the parties to the draft. The court admitted the record, and the defendant excepted.

Barnes, a deputy sheriff of St. Lawrence county, testified that he had the execution, and levied on the property of the plaintiff and S. D. Moody; and that the plaintiff paid it. He further testified that the firm of S. K. Green & Brother consisted of the plaintiff and Lucius Green, who were merchants in St. Lawrence county. Moody testified that he was the last indorser on the draft, and was agent of the Lewis County Bank. That

R. Green applied to him to obtain a discount there, and proposed to give Goings' acceptance. That he required another indorser, and the plaintiff thereupon indorsed the draft as accommodation indorser, and Lucius Green had nothing to do with the matter. That the defendant told him he had the lumber of Roswell Green in his hands, and should have funds for his draft at Syracuse. R. Green proved the defendant's acceptance. It was objected that the original draft should be produced; and the plaintiff's attorney thereupon swore to its loss.

The defendant, on the proofs being closed, moved for a nonsuit, because there was no evidence that the draft was ever presented to the Onondaga County Bank for payment; and again, that Lucius Green should have been a co-plaintiff. This motion was overruled, and the defendant excepted. The judge charged the jury that if they found the plaintiff indorsed the draft personally by the name of S. K. Green & Brother, and not jointly for himself and L. Green, and had paid the draft himself, the defendant, as acceptor, was liable to refund, and the plaintiff was entitled to recover the amount of the draft and interest. The defendant excepted to this charge. The jury found a verdict for the plaintiff for $586,25. The defendant procured a bill of exceptions to be signed, upon which he moved for a new trial.

*B. Perkins,* for the defendant.

*J. L. Russell,* for the plaintiff.

*By the Court,* HAND, J. I do not think the record of the judgment in favor of the Lewis County Bank against the parties to the draft was evidence of presentment, demand, and notice, for one of the parties to the draft against another. In connection with the execution and other proof it was not admissible to show that the plaintiff had paid the draft after it was in judgment. The 7th section of " An act regulating suits on bills of exchange and promissory notes," passed April 25, 1832, (*Laws of* 1832, *p.* 489,) declares that " the rights and responsi-

bilities of the several parties to any such bill or note, as between each other, shall remain the same as though this act had not been passed; saving only the rights of the plaintiff so far as they may have been determined by the judgment." And the statute amending that act seems to have treated the parties as several, throughout. (*Laws of* 1835, *p.* 248. *And see* 1 *Hill,* 371; 4 *Id.* 35; 3 *Barb. S. C. Rep.* 12.) If the record of the judgment be considered as evidence, between the defendants it must be conclusive, and great injustice may be done.

But the defendant was the acceptor; and from his own admission had the funds of R. Green, for whose benefit the draft was given, in his hands to meet it; so no damage could be sustained by him. Besides, as between him and the indorser, the acceptor is liable without demand of payment, although the draft was accepted payable at a particular place. The rule fluctuated in England until it was finally settled by the case of *Rowe* v. *Young,* (2 *B. & B.* 165,) in the house of lords, that when the acceptance was to pay at a particular place, demand at that place must be averred and proved. (*See the opinions of the judges in this case, Id.* 180, *App.*) This decision was followed by the act 1 and 2 Geo. 4, ch. 7, 8, which made the acceptor liable without demand, unless he accepted payable at a particular place " only and not otherwise or elsewhere." But the rule here seems to be, that where the drawee accepts payable at a particular place, he is considered the principal debtor, liable without demand; a suit, as in other cases of a precedent debt or duty, being a sufficient demand; though he may defeat a suit by showing that he was at the place, ready to pay according to his acceptance. (*Foden* v. *Sharp,* 4 *John.* 183. *Wolcott* v. *Van Santvoord,* 17 *Id.* 248. *Caldwell* v. *Cassidy,* 8 *Cowen,* 271. *And see Fullerton* v. *Bank U. S.* 1 *Peters,* 604; *Bank U. S.* v. *Smith,* 11 *Wheat.* 171; *Haxtun* v. *Bishop,* 3 *Wend,* 20; *Story on Bills,* § 325, *n.* 113, 343; *Chit. on Bills,* 362, *ed.* 1842; *Fenton* v. *Goundry,* 13 *East,* 459.)

Payment of the judgment and possession of the bill by the plaintiff were sufficient evidence of ownership.

One partner can not bind the firm of which he is a member,

as sureties or accommodation indorsers, without the consent of his copartners. Consequently Lucius Green was not liable on the draft, particularly to those knowing the facts; and had no interest therein.

New trial denied.

