PearsoN, J.
 

 A promissory note is drawn four months after date “ payable at the branch of the bank of the State of North Carolina, at Elizabeth City.” To entitle the payee to recover of the maker, must he allege and prove that the note was presented for payment,
 
 at the hank in Elizabeth
 
 City, on the day it fell due ?
 

 The point has never been decided by our Court, and it is now presented as an open question upon “ the reason of the thing” and the cases in the books.
 

 A note, payable on a given day at the Cape Fear Bank,
 
 *25
 
 must be presented for páyment
 
 at the ba/nh
 
 on tbe day it falls due, in order to render the endorser liable,
 
 Sullivan v.
 
 Mitchell, 1 Car. L. R. 482;
 
 Smith
 
 v. McLean, N. C. Tr. Rep.
 
 12.
 
 These cases settle the law in regard to the liability of endorsers, but they are clearly distinguishable from our case, (which is- an action against the maker) and are expressly put on the ground that an endorser does not owe the debt, and is not liable except upon a condition precedent, for “ the nature of an endorser’s engagement is, that he will pay the amount' of the note, provided the holder cannot, after using due diligence ? - obtain payment from the maker, and reasonable notice of this fact be given to the endorser”; and it is held, that when a note is payable at a bank, due diligence requires that payment should be demanded at the bank, and as against an endorser, this demand must be made, even although the maker dispenses with it; “for” (Ruffin Judge) “how can he say that the maker would not have found means to discharge the note at any sacrifice, rather than suffer a public dishonor of his note by a protest at bank?”
 

 The maker of a promissory note, payable
 
 on demand
 
 at a particular place, is not bound to pay it until payment is de-man d ed at th e pi ace.
 
 Bank of the State
 
 v.
 
 Prest. &c., of Bank of Cape Fear,
 
 13 Ire. 75. This case is put on the ground that “ until a demand at the place, the debtor is not in default, and so there is no cause of action.” It is expressly distinguished from our case. RuffiN, O. J., after some general remarks as to the law in respect to notes payable at a certain day as well as place, says it is not material, “ since no one, either in England or here, has supposed that presentment of a promissory note was not indispensable when, in the body, it is payable on demand at a particular place.”
 

 The maker of a note owes the debt without any conditions about it. "Why should the creditor agree to abridge his rights and have avcondition precedent imposed on him, by force of which, he will loose the entire debt, if he fails to demand it at a particular time and place ?' Upon what ground could a debtor ask, or a creditor submit to have any such restriction?
 
 *26
 
 If such is the intention of the parties, it ought to be expressed in unequivocal words, as “ I promise to pay, &c.,
 
 provided,
 
 or
 
 upon condition,
 
 or
 
 if
 
 this note is presented for payment at the bank in Elizabeth City, on the day it falls due”: because the relation of creditor and debtor forbids the idea that the parties intend to make a condition precedent, whereby the debt will be lost unless demanded at a given time and place; consequently, a construction, by which the words “ payable at, &c.” are by implication made to have this effect, and are converted into a condition precedent, is against the reason of the thing. The more reasonable construction is, that they were used to convey the idea that the parties had made an arrangement suggested by considerations of convenience on both sides, according to which, the money is to be paid at a particular place, on a given day: or in other words, it is an assurance given by the debtor, and accepted by the creditor, that the money will be then and there paid. This arrangement is convenient to the creditor, because he is informed where he will find his debtor, and be able to get his money ; and it is convenient to the debtor, because it relieves him from the necessity of seeking the credit- or, wherever he may be, in order to make a tender. Considered in this sense, the effect is, that the creditor does not lose his debt by failing to apply for it at the precise time and place, but may afterwards recover it: While on the other hand, the debtor may, if in fact, he had the money at the time and place, use that fact as a defence, and defeat the action by bringing the money into Court: or if he deposited it, and it was lost by ■the failure of the bank, he can put the loss on the creditor, because of his
 
 laches
 
 in not calling to get it. This, as it seems to us, is the proper construction according to the reason of the thing. Nor is it opposed by our decisions in regard to an endorser : He does not owe the debt: His liability depends upon a condition precedent, and as to him the words “payable at, &c.,” may well receive the construction of defining and making particular the condition which would otherwise be general. Nor is it opposed by our decision, that a note payable on
 
 demand,
 
 must be presented at the place specified before an
 
 *27
 
 action can be maintained against tbe maker: In that case a. demand must be made before the- debtor is in default: This, is a condition precedent to the right of action, and it follows that the demand must be- made- at the place agreed on. This is a reasonable construction, and is not forbid by the considerations stated above, in regard to a note, which is to be due at a given time. The creditor does not lose his debt by failing-to demand it at a particular time, but may demand it at any time, and thereby acquire a cause of action. The debtor being, by express agreement, relieved from, the necessity of seeking the creditor, may reasonably insist that the demand must be made at the place agreed on: and inasmuch as the ground of defense, applicable to notes,'when the time of payment is. fixed, is not available when the time of payment is uncertain,, because the debtor cannot make a tender, although he keep the money always, at- the place, until such time as the creditor-may choose to call for it, the only way in which effect can be given to the intention of the parties, is to. consider the demand at the place, as a condition, precedent to, the cause of action, so that no action can be maintained until it is made : which is altogether a different thing from a condition precedent by which the debt will be lost, unless, a demand is made at the place on a given day.
 

 The English cases afford no 'aid. The question was repeatedly before their Courts, but b.y reason of dissenting opinions and conflicting decisions, • it became involved in such utter confusion, that it was found necessary to pass an act of Parliament, in order to clear away the difficulties, 1 and 2 Q. 4 clu 'TS: which provides that the acceptance of a bill, payable at a particular place, shall be. deemed and taken to be a general acceptance, “ unless the acceptor shall in his acceptance, express that he accepts the bill payable at a banking house, or other plaoe
 
 only, an4 not otherwise or
 
 elsewhereThe substance of this Statute is, that the words payable at, &c.” shall not by construction be converted into, a condition precedent: and if the parties intend that a demand, at a particular place, shall be a condition precedent, they must say so in express
 
 *28
 
 terras. So it is clear that the opinion of the British Parliament concurs with our opinion, in regard to the construction of a note or acceptance payable at a given time and plaee.
 

 The cases in this country, so far as they have fallen under our observation, all show a uniform course of adjudication, and concur with our conclusion, “that in actions against the maker of a promissory note, or the acceptor of a bill of exchange, if the note be payable at a specified time and place, it is not necessary to aver in the declaration, or prove on the trial, that a demand of payment was made, in order to maintain the action. But if the maker or acceptor was at the place at the time designated, and was ready to pay the money, it is matter of defense to be pleaded and proved on his part,”
 
 Wallace v.
 
 McConnell, 13 Peters, 137. Many decisions in our sister States are referred to, which settle the law in the same way,
 
 Faden & Slater v. Sharp,
 
 4 John. Rep. 183, and many other cases in New York;
 
 Watkins
 
 v.
 
 Cornish,
 
 5 Leigh 522, Virginia;
 
 Bowie
 
 v.
 
 Duvall,
 
 1 Gil. and John. 175, Maryland;
 
 Ruggles
 
 v.
 
 Patterson,
 
 8 Mass. Rep. 480; and also cases in New Jersey, Tennessee and Alabama. So that the question is settled in England by an act of Parliament, and in this country, by a uniform course of adjudications.
 

 It is clear, therefore, that the defendant had no right to complain of the charge.
 

 2nd. It was conceded in the argument, that at common law an endorser, who paid off a note, might strike out the endorsement and recover upon it in his own name ; but it was insisted that, as by the act of 1827, Eev. Stat. ch. 13, Sec. 11, an endorser is made liable as surety, when he makes the payment the note is extinguished, and he must sue in Assumpsit for money paid.
 

 The Statute provides that an endorser shall be liable “ as surety to any
 
 holder of a note,
 
 and no demand on the maker shall be necessary previous to an action against the endorser.” The object of the Statute was, to dispense with the necessity of a demand and notice in order to enable the holder to recover from an endorser, but it does not at all affect the rela
 
 *29
 
 tion of the endorser to the maker : as between themselves their rights remain as they were before the passage of the act.
 

 3rd. Upon the question of capacity, the defendant offered to read in evidence, a record of the County Court, showing an inquisition and a finding, that the defendant was a lunatic, and the appointment of a guardian: which proceeding was had after the writ in this case issued, but before it was executed. This'evidence wa's rejected: For this the defendant-excepts. There is no error.
 

 Admit, for the sake of argument, that the proceeding upon an inquisition of lunacy is a matter
 
 in rem,
 
 and is prima facie evidence of the truth of the facts found, and that its admissibility is not affected by its being
 
 post litem,
 
 motam, it is not stated at what time the jury find the defendant to have been a lunatic, and we are to take it, upon this exception, that the time fixed on was the date of the inquisition ; and the question is, whether the fact, that a man is a lunatic to-day, is relevant to show that he was a lunatic six months ago ? A fair statement of the point, is sufficient to show that the evidence was irrelevant.
 

 Pee CueiaM. Judgment affirmed.