## SIMPSON v. WHITE.

By the Revised Statutes, protests of bills, notes and orders are made evidence in all cases, of the facts stated in such protests, whether those facts relate to the dishonor of the bill or note, or to the notice given to any of the parties thereto.

Where the notary certifies in his protest that he has notified the indorsers residing in the same town or city, such certificate is to be taken as *primâ facie* evidence of personal notice to such indorsers, of the dishonor of the bill or note, and of all other facts necessary to charge the indorsers.

Where the notary certifies in such protest that he deposited in the post-office a notice directed to the indorser, if it shall appear that such notice was deposited at the proper time, and was properly directed, such certificate is to be received as *primâ facie* evidence that such written notice contained a statement of all the facts necessary to charge the indorser.

Where the indorser of a bill or note resides in this State, and has no place of business elsewhere, though the original parties to the note or bill, and the indorsee and first indorser, reside in another State, in the absence of all proof as to where the indorsement was actually made, it will be presumed to have been made at the place of residence of the indorser.

ASSUMPSIT, brought by the plaintiff, as indorsee, against the defendant, as second indorser of a certain promissory note, dated August 25, 1851, drawn by one Daniel S. Watson, and made payable to the order of Montgomery & Co., for the sum of $622.50, in three months from date, at the Merchants' Bank, in Boston, and by said Montgomery & Co. duly indorsed for value received to the defendant, and by him in like manner indorsed to the plaintiff. The plaintiff's writ was dated November 17, 1857, and the declaration contained the usual special count, with the allegations requisite to charge the defendant as indorser of said note ; also, a count for money had and received, for $2,000. Plea, the general issue.

Upon the trial the plaintiff offered the aforesaid promissory note in evidence, which was indorsed in blank, first by Montgomery & Co., secondly by the defendant, by the name of T. M. White.

The defendant is resident in South Deerfield, in this county. The firm of Montgomery & Co. are admitted to have been residents of Haverhill, Mass.

The plaintiff also offered in evidence the certificate of Charles Hayward, a notary public, of Boston, as due evidence of a presentment and demand of said note at the time and place it became due and payable, and of the non-payment thereof, and as evidence of due notice thereof to the defendant as indorser, and other parties in interest.

A copy of the certificate of said notary was made a part of the case, in which, after setting forth the facts of presentment and dishonor of the note, at Boston, November 28, 1851, the notary says : " I then made demand of the maker by mail, Haverhill, Mass., and put in the post-office a notice for Montgomery & Co., directed to them, Haverhill, Mass., and one for T. M. White, directed to him, Deerfield, N. H., south post-office, Deerfield, and

Simpson v. White.

left another notice in writing for Montgomery & Co. at their place of business in this city."

The defendant objected to the notice, as being insufficient in form and substance to charge the defendant as indorser of said note. The court overruled the objection, and directed a verdict for the amount of the note for the plaintiff, subject to be set aside, and a new trial granted, as the opinion of the whole court might be upon the law of the case; which case was transferred to the law term of said court.

*Kittredge*, and *Merrill & Woods*, for the plaintiff.

*Marston & Collins*, for the defendant.

Although no particular form of notice is required in order to charge the indorser, still, in some form he must be notified of the fact that the note has become due and been dishonored, and that the holder relies on the indorser for payment. Story Pr. Notes, sec. 348; *Smith* v. *Little*, 10 N. H. 531; *Gilbert* v. *Dennis*, 3 Met. 498. Notice to the indorser must be according to the law of the place where the indorsement was made. *Williams* v. *Putnam*, 14 N. H. 542. In the absence of testimony, the indorsement in the case at bar must be presumed to have been made in Massachusetts. In that State the notarial certificate is evidence only of the facts narrated in it. *Porter* v. *Judson*, 1 Gray 177. When the residence of the indorser is at a distance from the maker, the notarial certificate should recite what was done to give notice, so as to enable the court to judge of its sufficiency. *Rushworth* v. *Moore*, 36 N. H. 192. The defendant objects to the sufficiency of the notice. It does not appear by the notarial certificate that the notice contained the facts necessary to charge the indorser. The burden of proof is on the plaintiff, and he must show that proper notice was given to the indorser, that demand has been made on the maker,

and that the holder would look to the indorser for payment. *Bank* v. *Carter*, 20 N. H. 249. By Compiled Statutes (ch. 14, sec. 3), the notarial certificate is only made evidence of what is contained in it.

SARGENT J. At common law a protest by a notary public was not only competent, but indispensable evidence of the presentment and dishonor of a foreign bill of exchange, though not competent evidence to prove these facts in case of an inland bill or promissory note. Chit. on Bills 454; *Young* v. *Bryan*, 6 Wheat. 146; *Union Bank* v. *Hyde*, 6 Wheat. 572; *Windle* v. *Andrews*, 2 B. & Ald. 696; *Gale* v. *Walsh*, 5 D. & E. 239; *Nicholas* v. *Webb*, 8 Wheat. 326; *Bank* v. *Daniel*, 12 Pet. 32; *Carter* v. *Burley*, 9 N. H. 565.

It was early settled in this country that bills drawn by inhabitants of one State upon those of another, are to be regarded as foreign bills. *Buckner* v. *Finley*, 2 Pet. 586; *Bank* v. *Hussey*, 12 Pick. 483; *Wells* v. *Whitehead*, 15 Wend. 527; *Carter* v. *Burley*, *ante.*

And it had been held in this State, before the passage of the Revised Statutes, that where a promissory note had been indorsed by a person living in one State, and the maker lived in another, the operation of the indorsement is so far similar to the drawing of a foreign bill of exchange, that, in an action against an indorser, the dishonor of the note may be proved by a protest, as in case of a foreign bill. *Carter* v. *Burley*, *ante*; *Smith* v. *Little*, 10 N. H. 526; *Williams* v. *Putnam*, 14 N. H. 540.

But in all these cases the protest was only evidence of demand upon the maker of the note, or the acceptor of the bill, and that the same was dishonored. The plaintiff must, in addition to the evidence of the protest, prove notice to the indorser of the facts contained in the protest in some other way. Of such notice to the indorser, the protest not only contained no evidence, but, had it under-

taken to recite such notice, it would not have been competent evidence to prove the fact thus recited. But by the Revised Statutes (ch. 14, sec. 3), it is provided that "the protest of any bill of exchange, note or order, duly certified by any notary public, under his hand and official seal, shall be evidence of the facts stated in such protest, and of the notice given to the drawer or indorsers." This provision of the law was new, making protests competent evidence of presentment and dishonor of all bills, whether foreign or inland, and of all notes, whether the parties resided in the same or in different States, or whether indorsed by a resident of the same State with the other parties, or a different one; and also making the protest evidence of notice to the drawer and indorsers, in all cases, and that, too, whether the notary resides in our own State, or in any other State or country. And it was said, in *Rushworth* v. *Moore*, 36 N. H. 188, that the evident intention of the legislature, in the enactment of this statute, seems to have been to obviate the difficulties and inconveniences to which the collection of notes and domestic bills was subject at common law, under the decisions of the courts; and it was there held that, by the provisions of the statute, the protest of any bill of exchange, note or order, whether foreign or domestic; whether made and certified by a notary resident in this State or elsewhere; is competent *primâ facie* evidence of all the facts stated in it, including notice to the drawer or maker, and the indorsers.

It is also an elementary principle, that the protest for non-acceptance of a bill must be made according to the law of the place of acceptance; and the protest for non-payment of a bill or note, according to the law of the place of payment, where one is designated; but that the notice to the drawer must be according to the law of the place where the bill was drawn, and to the indorsers according to the law of the place where the indorsements were

made, each indorser being treated as a new drawer. Story on Bills, sec. 285; Chit. on Bills 455; Story Conf. Laws, sec. 360.

In this case it is claimed by the defendant that the presumption must be that the indorsement was made in Massachusetts, and it is claimed that the question is, whether here is evidence of notice, in accordance with the laws of that State. This position we deem to be incorrect. The case finds that the indorser resided at the time of trial at South Deerfield, N. H., and there is nothing tending to show that he resided in any different place when he indorsed the note in question; nor does it appear, nor is there any thing tending to show that he has now or ever had any place of business any where else. Montgomery & Co. are admitted to be residents of Haverhill, Mass., yet we find, in the certificate of the notary, evidence tending to show that they had a place of business in Boston. But there is no such evidence in regard to the defendant, and we think that the indorsement must be presumed to have been made, in the absence of all other evidence, at the residence of the indorser.

In *Grimshaw* v. *Bender*, 6 Mass. 157, where a bill of exchange was drawn in Manchester, England, upon a firm established in Boston, Mass., payable in London, and accepted at said Manchester by one of the firm then there, upon dishonor it was held that it was to be deemed to be a bill accepted in *Boston*, because the domicil of the firm was there; and that, too, although the bill was drawn and was payable in England, and was proved to have been actually accepted there. The authority of this decision has, however, been questioned, and the better opinion seems to be in accordance with the decision in New-York, in *Foden* v. *Thorp*, 4 Johns. 183, where it was held, under similar circumstances—the acceptance being proved to have been actually made in England—it was to be treated in all respects and between all the parties as an

English contract. The doctrine of this latter case is approved by Story in his Conflict of Laws, sec. 320.

The indorsement of Montgomery & Co. is to be presumed to have been made in Massachusetts, as their residence and place of business, though not in the same place, were both in that State ; but after the note passed to the defendant by the first indorsement, he must be presumed to have had possession of it until he transferred it by his indorsement to the plaintiff, and that possession is to be presumed to have been held, and that indorsement made, at the place of the residence of the owner and indorser, in the absence of all evidence as to where the indorsement was actually made, and the other facts being as before stated. And in Chitty on Bills 475, it is said that the time of giving notice of the protest, or the non-payment, " is to be regulated by the law of the place where the drawer or indorsers respectively resided at the time when the bill was drawn or indorsed."

The only question to be settled, then, is, was there sufficient evidence of any legal notice to the indorser, according to the laws of this State ? It appears from the protest that notice was directed to the defendant at South Deerfield, N. H., which the case finds to be the place of his residence, and it was deposited in the post-office at Boston upon the same day of the presentment and dishonor of the note, but not until after the note was thus dishonored. It would have answered the requirements of the law if sent by mail the next day after the protest, but is equally good if sent the same day, and after demand has actually been made and payment refused. *Carter* v. *Burley, ante ; Manchester Bank* v. *Fellows*, 28 N. H. 309, and cases cited. This would be sufficient to charge the indorser, whether he ever received the notice or not. It was said, in *Rushworth* v. *Moore*, 36 N. H. 192, that where the notary gives personal notice, he would simply certify the fact that he gave notice ; but if the residences of the

indorsers were unknown, or at a distance, or if, from any other cause, personal notice was not given, the notarial certificate would recite what was done to give notice, so that the court would be able to judge of its sufficiency. In this case this is done. The notarial certificate does recite what was done to give the notice to the indorser, and from what is stated in the certificate the court can see that enough was done, at least in these respects, to charge him. But the defendant claims that the evidence of notice is insufficient, because the notarial certificate does not state the contents of the notice thus sent; and it is claimed that it should appear in some way, from the certificate of the notary, that the notice stated that demand had been made on the maker, and payment refused, and that the holder would look to the indorser for payment of the note; and although no particular form is necessary in giving notice, yet it was formerly held, before the Revised Statutes, that the notice should give information upon all those points to the indorser, either literally or by necessary implication. *Lawrence* v. *Langley,* 14 N. H. 70; *Smith* v. *Little, ante.* But we consider this question as settled by *Rushworth* v. *Moore,* before cited, where the protest recited that the notary had duly notified the indorsers; and it was there held that this was, by the provisions of our statute, to be received as *primâ facie* evidence that notice of the dishonor of the bill was thus given, and of all other facts necessary to charge the indorser; and though this could not have been so held by any rule applicable to the returns of sheriffs, or any other officers, of their doings, yet the decision is there put upon the ground of the express provision of the statute; and upon that ground, and that only, can that decision probably be sustained.

There must, therefore, in accordance with these views, be
*Judgment on the verdict.*