READ, as administrator, &c., *vs.* THE CITY OF BUFFALO.

An instrument signed by the mayor and clerk, and countersigned by the comptroller of a city, addressed to the treasurer, directing the payment to A. or order, of a specified sum " out of local fund, when collected or realized from tax sales, for completing the grading of H. street," &c., is not a bill of exchange, nor a check; but is, in legal effect, a non-negotiable promissory note.

An action can be maintained upon it, to recover the sum mentioned therein, on an implied promise to pay the debt stated to be due and owing to the payee named therein.

No demand is necessary, as a condition precedent to maintaining an action upon such an instrument.

The order being made payable at a particular place, and upon the happening of a particular event, when the fund out of which it is to be paid has been collected and realized by the city, the debt is due and payable, by the very terms of the contract.

Such orders are not affected by a statute passed after they were given; unless it appears that the legislature intended to change the meaning and effect of outstanding contracts.

A notice, published in the city paper, that the city is in funds to pay its orders of a particular series, not brought to the knowledge of a holder before the making of his demand, is not sufficient to effect a suspension of interest upon an order.

Even though the city was ready and willing to pay such an order, at the time and place of payment, it is in no attitude to defeat a recovery of the face of the order and interest down to the day of trial, if it has not brought the money into court for the plaintiff.

ACTION tried at the Erie circuit, in February, 1877, before Justice BARKER, without a jury.

*O. O. Cottle,* for the plaintiff.

*John B. Green,* (city attorney,) for the defendant.

BARKER, J.   One of the orders in suit reads as follows, viz.:

Read *v.* City of Buffalo.

"$45.79                    Buffalo, June 9, 1870.
Treasurer of the city of Buffalo,

      Pay to the order of James Love, forty-five $\frac{79}{100}$ dollars, out of local fund, when collected or realized from tax sales, for completing the grading of Hudson st., bet. 12th and Wadsworth st.
                ALEX. BRUSH, Mayor.
W. P. WINSHIP, Dep. City Clerk."

*"Countersigned R. D. FORD, Comptroller."*

This instrument is not a bill of exchange, nor a check. The drawer and the drawee are the agents of the city of Buffalo; both act in their official capacity, in drawing the same, neither intending to charge himself personally by the transaction. Therefore the drawer and drawee are, in a strict sense, the same party. Upon its face it purports to be drawn for value, on account of and for work and labor done for the city. In law an action can be maintained thereon, to recover the sum mentioned therein, on an implied promise to pay the debt stated to be due and owing to the payee named. Whenever there is a debt due from one person to another, and such obligation is acknowledged in an instrument in writing executed by the debtor, in due form of law, the creditor can count upon such instrument as the basis of his right of action.

Such orders are held to be, in legal effect, non-negotiable promissory notes. (*Fairchild* v. *Ogdensburgh &c. R. R. Co*, 15 *N. Y.*, 338. *Bull* v. *Sims*, 23 *id.*, 570. *Oatman* v. *Taylor*, 29 *id.*, 657. *Kelley* v. *Mayor of Brooklyn*, 4 *Hill*, 263. *Smith* v. *Cheshire*, 13 *Gray*, 318. *Dillon on Municipal Corp.*, § 406.) The order was made payable at a particular place, and upon the happening of a particular event. The fund out of which it was to be paid has been collected and realized by the city; therefore the debt is due and payable by the very terms of the contract.

The defendant seeks to prevent a recovery and to se-

cure a dismissal of the plaintiff's complaint, upon the ground that no proper demand of payment was made by the holder of the order, on the city treasurer, before the commencement of the suit. By the evidence it is established that he did make a demand before the suit was brought; but he demanded, as the defendant insists, more than was due on the instrument, and therefore the holder is in the same situation as if he never had made a demand.

Before considering the question, whether he demanded more than was due, it will be determined whether any demand at all was necessary, as a condition precedent to maintaining the action. It has long been decided by the courts in this state, that no such demand is required before suit can be brought on the instrument and recovery had for the debt promised to be paid.

Where a promissory note is made payable at a particular place, it, as against the maker, binds him to pay the same "generally and universally;" that is, he can be required to pay at all places wherever he can be found; and the commencement of the suit is always treated as a proper and sufficient demand. The same rule applies, also, in all respects, to a bill of exchange, made payable at a particular place, or accepted payable at a designated place.

The rule as thus stated, has been uniformly adhered to in this state, since judgment was pronounced in *Wolcott* v. *Van Santvoord*, reported in 17 *John.*, 248. See also *Fenton* v. *Goundry*, (13 *East*, 459,) among the leading English cases, and the following in our own courts: *Caldwell* v. *Cassidy*, (8 *Cowen*, 271;) *Green* v. *Goings*, (7 *Barb.*, 652;) *Fairchild* v. *Ogdensburgh &c. R. R. Co.*, (15 *N. Y.*, 338.) But it is urged that this is an unjust and harsh rule to apply to fix the maker of the note and acceptor of a bill, who has made his promise to pay at a particular place, and has attended there on the day named with the money to meet his engagement

Read *v.* City of Buffalo.

and pay his debt — that he should be liable to a suit, before the holder of the paper comes and asks for his pay. This would be so, were it not for another rule, intended to protect such parties. It is this: if the maker of the note or the acceptor of the bill, be at the place of payment, with the funds, and ready to pay on the day of payment, he can, when sued, bring the money into court and plead his readiness to pay at the time and place of payment, in bar of damages arising from non-payment, but not in bar of a recovery for the debt due on the day named for payment. In such a case the creditor recovers no interest after the day of payment has passed, nor costs of suit; but the debtor has costs, in such a case. (*See cases before cited.*)

To make a practicable application of these propositions to this case; conceding the defendant was ready and willing to pay this order, at the time and place of payment, it is in no attitude to defeat a recovery of the face of the order and interest down to the day of trial, for the reason that it has not brought the money into court for the plaintiff.

The time of payment in this order was uncertain; it was drawn in the form, and upon the conditions named, to enable the defendant to be certain of funds, to be derived from a particular source, before its creditor could urge payment; and it is unreasonable to hold that the holder of such paper shall comply with all the rules applicable to strictly commercial paper. It appears that the city was in funds applicable to the payment of this order as early as the 15th of August, 1872. The plaintiff applied for payment some considerable time thereafter, and demanded interest up to that time. The treasurer refused to pay interest down to that day, but offered to pay the face of the order and interest to the said 15th of August, 1872. This the plaintiff manifested his unwillingness to accept.

The city had given a previous notice, in the city

paper, that it was in funds to pay orders of this series, but it does not appear that such notice ever came to the knowledge of the plaintiff, before he made the demand. Such notice cannot be regarded as sufficient as a notification that the city was in funds applicable to the payment of the order, and to effect the suspension of interest. It would be most unreasonable to uphold any such proposition.

The defendant, with a view of diminishing the recovery, insists that the city had the power to terminate the accruing of interest on these orders after the treasurer was in funds to pay them, on complying with the provision of the present charter bearing on that question, viz.: "The treasurer may at any time, when he shall have money in his hands applicable to the payment of such warrants, give notice in the official papers that he will pay all or any portion of such warrants, with accrued interest, on a day to be specified in said notice, and the interest upon such warrants shall cease from and after the day specified in such notice." Such a notice as is required by this provision of the statute was published in the city paper, and a day named for the payment of the orders was the one already stated, to wit, August 15, 1872.

The charter in force when the orders in suit were given contained no such provision, nor any of similar import. This regulation first appears in the charter of 1872. (*Title* 6, *sec.* 22.) It is very clear that this provision was intended to apply only to future orders and warrants. The scheme for assessing and collecting taxes for local improvements was, by this charter, very much changed, conferring upon the city additional powers, and making local assessments payable in a different manner, and requiring warrants issued in payment of the work and labor to take a particular form, and be payable on particular days, and giving the city

the right to pay them before the day named therein for payment.

Orders or warrants issued under the charter as amended would be, beyond all doubt, subject to these special provisions, and they be regarded as incorporated into the agreement, and the holders bound to comply with them, and with the action of the city authorities acting in obedience to the charter.

The general rule of construction is, that statutes, in their effect, shall be prospective only ; unless it appears that the legislature intended that it should have a retrospective operation. The reading of the section entire, from which the above quotation is copied out, does not suggest to my mind that the legislature intended to change the meaning and effect of outstanding contracts.

It follows, from these views, that the plaintiff is entitled to recover the face of the order, and interest thereon up to the time of trial.

The other orders in suit are similar in all respects to the one set forth, and are embraced in the decision.

Judgment for the plaintiff.

[ERIE CIRCUIT AND SPECIAL TERM, February, 1877. *Barker*, Justice.]