### WOOD v. CONSOLIDATED ELECTRIC LIGHT CO.

*(Circuit Court, S. D. New York. November 8, 1888.)*

1. BONDS—COUPON BONDS—MATURITY—DEFAULT IN INTEREST—PRESENTMENT.
    Where coupon bonds contain a condition that if default in the payment of interest when payable and demanded continues for 90 days, the whole principal is to become due at the option of the holder, presentment and demand on January 2d, though premature as to the interest due January 1st, is due presentment as to that maturing July 1st previous.
2. SAME—DEFAULT IN INTEREST—DEFENSES.
    It is no defense to such default and its continuance that forgeries of the bonds were in circulation so executed as not to be distinguished from the

genuine, and all the bondholders except plaintiff had accepted new bonds so prepared as to prevent the poss'bility of fraud or loss, and that plaintiff, after presenting his coupons, and demanding payment, entered into negotiations for the protection of the obligor in case his coupons should, after payment, prove to be forgeries, and that the 90 days elapsed while these negotiations were pending.

At Law. On demurrer to answer.

Action on 19 bonds brought by Walter Wood against the Consolidated Electric Light Company.

*Biddle & Ward,* for plaintiff.

*Broadnax & Bull,* for defendant.

WALLACE, J. The answer, which has been demurred to, cannot be held sufficient upon the notion that it sets up facts which constitute an equitable defense to an action at law. Although, by the Code of Civil Procedure of this state, equitable defenses may be interposed in actions at law, this practice does not obtain in the federal courts, and the act assimilating the practice and pleadings in actions at law in these courts with those of state courts does not introduce it. *Montejo* v. *Owen,* 14 Blatchf. 324. If the facts alleged were an equitable defense, the defendant might avail itself of them by a bill in equity filed to stay the prosecution of the suit at law. But they do not constitute an equitable defense, and the theory that the cause of action is one in the nature of a penalty or forfeiture, and that the facts are such as would move a court of equity to relieve the defendant, is without foundation.

The complaint counts upon 19 bonds, for the aggregate sum of $12,-500, part of an issue of coupon bonds for $200,000, created by the defendant, dated January 1, 1885, and payable 10 years from date, with interest at 6 per cent., payable semi-annually on the 1st day of July and the 1st day of January in each year, at the office of the defendant, in the city of New York, upon the presentation and surrender of the coupons attached. The bonds contain a condition that, in case default is made, and continues for 90 days, in the payment of any installment of interest when payable and demanded, the whole principal is to become due immediately, at the option of the holder. The complaint avers the presentation of coupons for the installments of interest which became due July 1, 1877, and January 1, 1888, for payment and surrender, demand of payment, and a default by which the installments of interest are in arrears for the space of more than 90 days. The defendant, by its answer, asserts in substance that it has always been ready and willing to pay the interest as it matured, but that spurious coupons in imitation of those annexed to the bonds were put in circulation so executed that they could not be distinguished from the genuine, and it prepared new bonds and coupons to take the place of the original, so executed as to prevent possibility of fraud or loss, and all the holders of the original bonds had accepted the new ones, in exchange, except the plaintiffs, and that the plaintiff, although he did not consent to an exchange, but had caused his coupons to be presented for payment, had entered into nego-.

tiations with defendant looking to its protection in case his coupons after payment should turn out to be forged, and while these negotiations were pending the 90 days elapsed. The facts set forth in the answer do not show that the plaintiff attempted or intended to mislead the defendant into the belief that he would not avail himself of his option to treat the whole principal of the bonds as due and payable in case of a default in paying the interest, nor do they by the remotest implication impute any inequitable conduct to the plaintiff. They show a case in which the defendant, by mere negligence, permitted the 90 days to elapse without paying the interest due according to the terms of the bonds, relying upon the forbearance or good nature of the plaintiff not to insist upon the terms of his contract. The averment of the readiness and willingness of the defendant to pay the interest goes for nothing in view of the admitted fact that the coupons for the interest due July 1, 1887, were presented at the proper place to the defendant on January 2, 1888, and, after payment was demanded and refused, were suffered to remain unpaid for more than 90 days thereafter prior to the commencement of the action. Stipulations like those in the present contract, providing that, upon failure of a promisor to pay an installment when due, according to the terms of the contract, the whole debt may be treated as due by the promisee, are common, and the courts have repeatedly refused to relieve against them. *Sterne* v. *Beck*, 11 Wkly. Rep. 791; *Robinson* v. *Loomis*, 51 Pa. St. 78; *Steel* v. *Bradfield*, 4 Taunt. 227; *James* v. *Thomas*, 5 Barn. & Adol. 40; *People* v. *Superior Court*, 19 Wend. 104; *Plank-Road Co.* v. *Murray*, 15 Ill. 337; *Baldwin* v. *Van Vorst*, 10 N. J. Eq. 577. In *Van Noyes* v. *Clark*, 7 Paige, 179, Chancellor WALWORTH, after observing that the parties have an unquestionable right to make such a stipulation, says that, if by the mere negligence of a promisor to perform his contract he suffers the whole debt to become due and payable according to stipulation, "no court will interfere to relieve him from the payment thereof, according to the conditions of his own agreement."

It remains to consider whether the answer, although not good as an equitable defense, sets up facts which are a defense at law. The pleader seems to have assumed, and the case has been argued upon the assumption, that it was incumbent upon the plaintiff to show that he presented his coupons for payment on the particular day they became due in order to establish a default on the part of the defendant, and upon the theory that the coupons carry days of grace the defendant relies upon the averment that they were not presented at any time other than upon January 2, 1888, for payment as a defense, insisting that presentment upon that day was not due presentment of those payable July 1, 1887, or those payable January 1, 1888, and, consequently, that the defendant is not in default. It was held in *Evertson* v. *Bank*, 66 N. Y. 14, that coupons similar in form to those annexed to the bonds in suit have days of grace like ordinary commercial paper, and the opinion proceeds upon the ground that the bonds themselves are in all respects invested with the quality of negotiable paper, including the incident of days of grace. It is not necessary to question the correctness of this adjudication for the purposes

of the present case, for if it be conceded that the coupons payable January 1, 1888, were presented before the expiration of the days of grace, it suffices to enable the plaintiff to recover that those payable July 1, 1887, were also presented January 2, 1888. The holder of commercial paper is not required in an action against the maker or acceptor to aver or prove presentment, but it devolves upon the maker to show non-presentment as matter of defense by proof that he was ready to pay the paper at the time and place of payment, and was always ready afterwards to do so. *Foden* v. *Sharp,* 4 Johns. 183; *Wolcott* v. *Van Santvoord,* 17 Johns. 248; *Wallace* v. *McConnell,* 13 Pet. 136. The same rule applies to actions upon coupons. *Walnut* v. *Wade,* 103 U. S. 683. It does not follow, however, that it is not incumbent upon the plaintiff to make presentment of the coupons in order to charge the defendant with a breach of the condition in question. By the terms of the bonds the default of 90 days in payment of interest, by which the whole principal is to become payable immediately, is a default in the payment "when such interest shall become payable, and be demanded." This language makes the default depend upon a precedent demand of the interest. It does not require a demand to be made on the very day the interest becomes payable. It means that the obligor shall not be liable beyond the amount of interest due until a specific demand of the interest is made by the bondholder. If the bondholder does not demand the interest, he can, nevertheless, maintain an action upon the coupons, which can only be defeated by proof on part of the obligor that the coupons would have been paid at any time upon presentment at the proper place. If he does demand payment of the interest when it becomes due, or at any time thereafter, the demand implies that he intends no longer to waive his rights, but insists upon the strict fulfillment of the condition. Upon this construction of the contract the 90 days commenced to run January 2, 1888, as to the July interest previously due. The demurrer is sustained.