⅛ Spencer, Ch. J.
The demurrer in this case has been interposed to the first count in the declaration, on the ground, *204 that the bill is made payable at the bank of Utica, and 'that there is no averment that it was presented there on the clay it became payable. The inquiry, then, is, whether such an averment is necessary to sustain the plaintiff’s right of action; or whether the defendant is not bound to plead, in bar of the damages, that he was ready, at the time and place, when and where the bill became due, to pay it, and that he has ever since been ready, and now brings the money into court to be paid to the plaintiff?
This question appears to have been already decided by this court, in February term, 1809, in the case of Fodai *and another v. J. & R. Sharp, (4 Johns. Rep. 183.) In that case, the plaintiffs drew a bill, at Manchester, in England, payable to themselves or order, on the defendants; and J. S., the partner of the other defendant, being in England at the time, accepted the bill, in the name of the firm, to he paid at a mercantile house in London. It was protested for non-payment, and the protest stated, that a demand of payment had been made of a clerk of the house in London, where the bill was payable, according to the acceptance; but did not state a demand of the defendants. The court said, “ That the holder of a bill of exchange need not show a demand of payment of the acceptor, any more than of the maker, of a note. It is the business of the acceptor to show, that he was ready, at the day and place appointed, but that no one came to receive the money, and that he was always ready, afterwards, to pay.’’ And such, it is believed, was the doctrine of the English courts, at that time. But it appears, that there have since been contradictory decisions in Westminster Hall; and distinguished judges have changed opinions, before held by them as clear and unquestionable ; and we are now called upon to follow them in those changes. Admitting that, amidst these contradictory and fluctuating decisions, the question would be perfectly open to us, it would, then, become necessary to develope the principles adapted to the case, and to give effect to them, rather than to follow tlie oscillations of the English courts. And, considering the great diversity of opinion on the subject, it may not be time misspent to examine the leading cases which have been decided in that country.
In Ambrose v. Hopwood, (2 Taunt. Rep. 60.) it was decided, that, in an action against the drawer of a bill of exchange, when the bill was general, but the acceptance was to pay it at a particular place, it was necessary to aver a presentment of the bill at that place. The same decision was made in Callighan v. Aylett, (3 Taunt. 397.) In Saunderson v. Bowes and others, (14 East, 498.) in Dickinson v. Bowes and others, (16 East, 108.) and, again, in Bowes v. Howe, in the Exchequer Chamber, (5 Taunt. 30.) it was decided, that in an action on a note, by the payee or bearer, against the maker, where the place of payment was embodied #in the note, it was a con- *205 dition precedent, that it should be presented for payment at that place, and an omission to aver such presentment in the declaration, was fatal in arrest of judgment, or in error.
In the case of Nichols v. Bowes, (2 Campb. N. P. R. 498.) in an action against the maker of a note, payable at a particular place in London, Lord Ellenborough expressed himself clearly <»f opinion, that the place of payment was merely to be considered a memorandum where payment was to be demanded, and m-t a part of the contract; that the maker of a note was hable every where, -and, as against him, the bringing of the action was a sufficient demand ; and, upon the plaintiffs counsel offering to prove that the note was presented at the banker’s, on the day it became due, his lordship observed, that he was afraid to admit such evidence, lest doubts should arise as to its necessity. In the case of Lyon v. Sundius & Sheriff, (1 Campb. N. P. R. 423.) in an action against the acceptor of a bill, accepted payable at llankey &f Co.'s. London, Lord Ellenborough observed, that the place of payment was a mere memorandum ; that the acceptor was liable universally ; and that the very point had been previously brought before the court, when the judges were all of opinion, that such words formed no part of the contract. In Wild v. Rennards, in a note to 1 Campb. N. P. R. 423., Mr. Justice Bayley ruled, that if a note is made payable at a particular place, in an action against the maker, there was no necessity for proving it was presented there for payment. In Trapp v. Spearman,, (3 Esp. Rep. 57.) a bill had been altered in the place of payment, by inserting, “ when due, at the cross keys’ roadand Lord Kenyon pronounced the alteration immaterial, as only pointing out the place where the bill was to be paid. In Kershaw and others v. Cox. (3 Esp. Cas. 246.) Le Blanc, Justice, held the same doctrine ; and in Marson v. Petit, (1 Campb. N. P. R. 82.) Lord Ellenborough adopted the same principle. In Fenton v. Goundry, (13 East's Rep.) decided since the cases in 2d and 3d Taunton, the question underwent a solemn examination. That wars an action against the acceptor of a bill, accepted to be paid at C. Sikes, Snaith & Co., and there was no averment of a demand *at that place ; and, on demurrer, the omission to make that averment was assigned as cause. The opinions of Lord Ellenborough, and Grose and Bayley, Justices, are very full and decided, that the acceptance to pay the bill at a particular place Is not a part of the contract, or a condition precedent. Lord Ellenborough said, that since he had been familiar with the practice and doctrine concerning bills of exchange, he had always understood, that an acceptance, though stated to be payable at a certain house of trade, binds the party to pay the bill generally and unb-ersallv. and that there was no occasion to make a demand at the particular place, in order to found the right of action on the .bill He referred to a case of Smith v. Delafontaine, in which Lord Mansfield was of opinion, that no proof of a pre *206 sentation at a particular house of acceptance was necessary In Saunderson v. Judge, (2 H. Bl. 509.) when the maker of a note, at the foot of it, made a memorandum, that the noté wouW be paid at the house of Saunderson & Co., the court held it to be no part of the contract, and not necessary to be stated in the declaration. Thus stand the cases.
It is necessary, first, to inquire in what light the acceptor of a bill is to be regarded, whether as the principal debtor, or merely coming in collaterally to the drawer. It does not admit of a doubt, that, as between the payee and the drawer or acceptor, the acceptance creates a debt, quasi ex contractu. The drawer is presumed to draw upon funds in the hands of the drawee; the payee is presumed to have given a full value for the bill; and when the drawee accepts the bill, he becomes an immediate debtor to the payee, as upon a valuable consideration paid to the drawer, upon his funds in the hands of the acceptor. (Wilson, 185. 3 Burr. 1663. 2 Bl. Rep. 1072. Doug. 237. 250. n. 2 Campb. 187. in the notes.) It is true, that the payee has his remedy against the drawer, in case the bill be not paid pursuant to the engagement of the acceptor; the remedy is, however, concurrent against the drawer and the acceptor; and, in this respect, the acceptor stands in the same relation to the payee, as the maker of a note does to the endorsee : and the drawer is regarded in the light of an endorser of a note. By the act. of acceptance, it not appearing to be for the %c-commodation or for the honor of the drawer, the defendant became a principal, and not a collateral, debtor. What, then, is the legal consequence of not presenting the bill at the time and place it was payable ? If it was a condition precedent to the liability of the acceptor, it must be emphatically so, as regards the drawer; and the result would be that a failure to present the bill at the time, or at the place, would occasion a total loss of it to the holder ; for if it cannot be recovered in an action on the bill itself, in consequence of an omission to aver a presentment at the time and place, no other form of action will lie, when that proof cannot be made. The reasoning of the judges, in Fenton v. Goundry, appears to me unanswerable. Lord Ellenborough said, the law was the same as to the demand of payment on other securities. The making a bond, payable on demand, at Lincoln’s Inn hall, is no such term in the contract, as to make it necessary, in an action on the bond, to allege a demand at that place, in order to found the right of action; but if the obligor were ready with his money there at the day, he must plead it as matter of defence; and he adds, that he never could conceive that the obligation to pay, which is universal on the acceptor, is to be contracted and limited in its origin, by saying that the bill vras only payable at the particular place mentioned. Baylcy, J., observed, “ besides, if this were to be taken to be a place fixed on by the contract for the payment of the money, and if the defendant *207 had his money there, ready to pay it, if demanded, he might have pleaded, that he had the money at the day and place appointed ; and bringing the money into court; and that would not be a plea in bar of the action, but in bar only of damages ; as in tlm case of rent payable on the land, if the tenant were on the land, at the day, ready to pay the money, he may, when sued for non-payment,, plead that in bar of the damages, upon bringing the money into court.”
The non-attendance of the holder of the bill, at the time and place of payment, can produce no worse consequences to him than if he had attended, and the acceptor had also been present and tendered the money, which the holder had refused to accept. Under such a state of facts, what ⅝ the legal consequence ? It is perfectly well settled, that, when a debt or duty exists, such as the payment of a sum of money, a tender of the money, though it be refused, does not extinguish the debt or duty ; but it remains obligatory on the party owing the debt or duty : as if an obligation be for the payment of a less stun, this being a duty and part of the obligation shall not be lost by tender and refusal, for if he pleads a tender, he shall say mu-ore prist. {Com. Dig. tit. Condition, L. 4, Co. Lit. 207. a.) In Giles v. Hartie, (1 Lord Raym. 254.) Holt, Chief Justice, ruled, that, though a tender is made and the plaintiff refuses the money, yet the tender cannot be pleaded in bar of the action, neither in debt nor assumpsit, but in bar of the damages only ; for the debtor shall, nevertheless, pay his debt. This is a principle too familiar to every lawyer to require a statement of the numerous authorities to support it. Nor is it necessary, where a regular tender has been made, and a refusal to accept it, for the plaintiff to make a special demand subsequently. and before he brings his action; the action itself is a demand. If the payee or obligee make a special demand, after a tender and refusal, and the money be «not then paid, he becomes entitled to interest from the time of such demand ; but in case he brings a suit béfore or without a special demand, the deiendant, by pleading his tender, and bringing the money into court, avoids all damages, as well subsequent interest, as costs.
It is perfectly certain, that the Exchequer Chamber (in Bowes v. Howe) did not proceed on the ground that the debt demanded was a collateral obligation or promise. They not only do not say so, but the case did not admit of their saying so, for the ; action there was against the makers of a note payable at the Workington Bank ; and I never can conceive that decision to be law, that a mere failure to present a note at the time and place of payment, and making a demand, shall exonerate the party for ever, though the debt or duty remains; the principle ol it is, that the undertaking was a condition precedent, and that the duty could not be enforced without a strict compliance with the condition; and it goes the whole length of deciding, *208 that even a subsequent demand, or any other form of action, #woui¿ ⅛ ineffectual.. (a) For if the condition must be averred and proved, and there has, in (act, been no demand, the holder ^ie note must remediless. From such a doctrine I entirely dissent, and must think that the time and place of payment are merely modal, forming no essential part of the contract ; that it is incumbent on the defendant, whether the payee was at the place at the time appointed or not, to show, in his defence, that he was there ready and willing to pay, and that the payee did not come, &c.; that the consequences of the absence of the payee, under such circumstances, unless he makes a subsequent special demand, and there be then a refusal, are, merely, that he must be content with receiving the sum originally payable, and if he sue, without having made a special demand, he loses all claim to damages and costs, and will himself be subject to them. This I consider not only entirely equitable and just, as between the parties, but the old and settled law of the land: and such was the opinion of the court in Poden v. Sharp. I, am, therefore, of opinion, that the plaintiff is entitled to judgment. (b)
Yates, J., and Platt, J., were of the same opinion.
Van Ness, J.
The question presented by the demurrer to the declaration in this cause, is highly interesting to the commercial community; and if it were now to be decided, for the first, time, I am not certain that the weight of argument would be very decidedly against the opinion which has just been delivered. The same arguments, however, which have been urged in support of the conclusion formed by a majority of this court, have, in a variety of cases, which wilFpresently be cited, been addressed to the English courts; and although, at one time, there was a difference of opinion between the king’s Bench and the Common Pleas, it cannot be denied, that since the case of Sounder son v. *Boives, both courts are agreed, that. where there is a particular place of payment inserted in the bill, or note itself, it is necessary to aver a presentment at that place, though they may still differ as to the case of an acceptance, payable at a particular place. The English rule, beyond all dispute, is, that to charge any of the parties to a note of hand, or a bill of exchange, made payable in the body of the instrument, at a designated place, it is indispensably necessary that a *209 demand of payment be made at such place; and that such a demand is a condition precedent, the performance of which must be averred, and proved by the holder. It is true, that Lord Ellenborough and his colleagues in the King’s Bench, at first struggled to establish a different rule, but they finally were overcome by the arguments of those who held the opposite opinion ; and, yielding to the conviction which those arguments and their own reflections produced, they magnanimously acknowledged their error, and promptly corrected it. I consider that, the decision made in this case establishes a new' rule, and, I .somewhat Lear, one that will be found impolitic and injurious ; I always feel the utmost reluctance to innovate upon established commercial regulations, particularly those which regard the liability of parties to negotiable paper, even though their wisdom and soundness should be deemed questionable. I think, moreover, that, for very obvious reasons, it would be highly useful and expedient, that the rule in this country and in England should be the same on a subject in which both are equally and so deeply interested. The law, with respect to bills of exchange, is founded on principles of universal application, and, in laying down a rule in a particular case, regard should be had to the policy and laws of other countries, as well as our own, and thus guard against the numerous losses and embarrassments in mercantile operations, occasioned by the existence of “ alia lex Roma, alia Athenis
It is not my intention to enter at large into the discussion of the question which is now submitted to our decision, nor to analyze the numerous cases in which it has been considered in the English courts; because, very little, if any thing, can be said, which would not be a mere repetition of *what has already been said by others. There is, however, one view of this subject which appears to me has not been sufficiently attended to, and which I wish, as briefly as possible, to bring more distinctly into notice. It is conceded, on all hands, and the proposition is too plain to be denied, that in order to charge the endorsor of a note, or bill, made payable at a particular place, a demand at such place is indispensably necessary. It is equally clear, that the necessity of making such a demand is not created or imposed upon the holder by the terms of the endorsement, but that it is created by the terms or conditions of the note or bill. This being so, does it not follow, that if the endorsor is to be made liable only on condition that a regular demand of payment be made at the place designated in the bill or note, that it is equally necessary to make a similar demand of the maker, or acceptor, in order to charge them ? The obligation of both arises out of the same contract, and whatever condition that contract contains, by which the responsibility of the parties is limited or regulated, must necessarily enure as much to the benefit of the maker or acceptor as of the endorsor. There is a wide difference between the *210 necessity of giving notice to an endorsor of the dishonor of negotiable paper, for the purpose of making him answerable . and the performance of some other condition contained in tin contraci: itself. The former is a duty which the law imposes upon the holder, independent of the positive stipulations of the parties, whereas the latter is a condition created by the agreement of the parties themselves. The one is a condition in law, and applicable to the endorsor only ; the other, a condition in fact, and applicable to all the parties to the paper. To this view of the subject, I have not yet heard any satisfactory answer, and I have a strong conviction that none can be given.
I will now mention the cases in which this question has been discussed, and, notwithstanding the difference of opinion which once existed, it will be found that, perhaps, no question which has arisen in the English courts has finally been decided upon more mature deliberation ; and what adds force and authority to the decison of it is, that it was, *in the end, made without a single dissentient. (a) (Saunderson v. Judge, 2 Hen. Bl. *211 Rep. 509. Parker v. Gordon, *7 East’s Rep. 385. Lyon v. Sundius & Sheriff, 1 Campb. N. P. Rep. 423, and notes to S. *212 C. Ambrose x. Hopwood, *2 Taunt. 61. Nichols v. Boives, 2 Campb. N. P. Rep. 498. Callaghan v. Aylett, 2 Campb. N. P. Rep. 549. and S. C. *3 Taunt. 397. Fenton and others v. Goundry, 13 East’s Rep„ 459. Saunderson v. Rowes and others, 14 East’s Rep. 50. Dickinson v. Bowes and others, 16 East’s Rep. 110. Bowes and others v. Howe, in the Exchequer Chamber, 5 Taunt. Rep. 30. Gammon v. Schmoll, 5 Taunt. 344. S. C. 1 Marshall’s Rep. 80. Butterivorth x. he Despen-cer, 3 Maúle if Selw. 150. Benson x. White, 4 Dow’s P. C. 334. Sebag v. Ahiibol, 4 Maulé & Selw. 462.)
Woodworth, J., was of the same opinion.
Judgment for the plaintiff.

 Lord EUenborough said, “ if the action for money lent, or money had and receiver!, would lie merely upon the evidence of the note in question, let the plaintiff bring such an action.” But if there has been such a laches on the part of the holder, that the maker is discharged, can the plaintiff resort to evidence on the common counts ?

 In declaring on a promissory note, payable at a particular time and place, the plaintiff need not aver a demand at the time and place. But it seems, that in the case of a note payable on demand at a certain place, a bank note for instance, a demand would be necessary, and must be averred. Caldwell v. Cassidy, 8 Cowen, 271.

 In Head v. Sewell, (1 Holt's N. P. Rep. 363.) tried before Gills. Ch. J,, in November, 1816, the action was by an endorsee against the acceptor of a bill accepted, payable at Messrs. Harrisons, Picket street, Temple Bar; and there was no proof or presentment at the latter place ; and that was objected, upon the authority of Gammon v. Schmoll. (5 Taunt. 344.) But Gills, Ch. J., said, that “ after thirty-hue years’ experience, in which I hare never known this objection to prevail, I cannot admit the necessity of this proof. In an action against the acceptor,- where the bill is accepted,{ payable at a particular place,’ as in the present case, it is not necessary to prove a demand at that place. He is generally and universally liable upon such acceptance. It has often been so determined. I know there are conflicting cases; but I shall not require the proof.”
The reporter, in a note, states, that the two courts were agreed, that where a particular place of payment is introduced in the body of the bill, or where a promissory note is made payable at a particular place, in the express terms of the engagement, and not by way of a mere memorandum at the foot of the instrument, that, in such case, the bill of exchange and promissory note, (whether the action be against the maker or endorsor of the one, or acceptor of the other,) must be presented at that particular place, and a demand be made there, in order to give the holder a cause of action ; and that, as respects a promissory note, the presentment and demand must be alleged in the declaration; but that, since the case of Gammon v. Schmoll, they were at variance on the point, whether if a bill, by a memorandum at the foot of it, is accepted, payable at a particular place, the plaintiff is bound to aver and prove a presentment to the acceptor at the place specified, and that, whether the action was against the drawer or acceptor. He adds, that in Trinity term, 1816, the case of Rowe v. Williams, which was precisely like that of Fenton v. Goundry, came before the K. B., and the court refused to have the point argued, saying, that they considered it as having been determined, in their judgment, in that case ; and upon the judgment of the court in this case, a writ of error was brought in the House of Lords, where it was then (1818) pending. It is mentioned that “ Mr. Holroyd read a MS. note of the case of Smith v. Delafontaine, tried before Lord Mansfeld, in 1785, in which his lordship held, that words accompanying an acceptance, “payable at a particular place,” or the words “accepted, payable at,” &c., were not words restricting or qualifying the acceptor’s liability, but rendering him generally and universally liable ; and that it was not necessary to prove a demand at the particular place, in an action against such acceptor.” Lord Ellcnhorough added, “ that whatever cases might be adduced in favor of, or against the doctrine laid down in Fenton v. Goundry, an invincible argument with him for the opinion there given was, the constant and undeviating usage of merchants, who never considered such an acceptance to be a restrictive acceptance ; that it was a mere *211 matter of convenient arrangement, and did not raise any obligation on the part of tile holder, to demand payment at the particular place.” It is on the dis-tiiiction above mentioned, that Lord FJ.lenborough endeavors to reconcile his opinion in Saunderson v. Bowes, with that in Fenton v. Goundry. But if a holder of a bill, who is not bound to take a qualified acceptance of it, does think proper to receive an acceptance, restricting the payment of the bill to a particular place, is it not. as between him and the acceptor, as much a part of the contract as if it was inserted in the body of the bill itself, or as much a? in the case of a promissory note made payable at a particular place? There seems to be no foundation for the distinction; the court of C. B. are more consistent when they put it on the ground, that it is a qualification of the contract, and a condition precedent, the performance of which must be alleged and shown, to entitle the plaintiff to his action. (Gammon v. Schmoll, 5 Taunt. 353. 354.) The opinion of this court, in Foden v. Sharp, was founded on that of Lord Mansfield, in Smith v. Delafontaine, mentioned by Bayley in his Treatise on Bills. (76. n. a.) Though the House of Lords should decide in favor of the doctrine laid down by the court of K. B. in Fenton v. Goundry, yet the law as decided by this court, in the above case, is in direct opposition to the law as declared by the courts of Westminster Hall; for they agree that if the place of payment is inserted in the body of the bili or note, presentment for payment at such place must be averred. There is not, however, a case to be found in the English books, prior to that of Saunderson v. Bowes, (1813,) which declares, that a demand, in such case, at the particular place mentioned, must be averred and proved, before the plaintiff can sustain his action against the maker of a note. Chitty, in his Treatise on Bills (2 ed. 1807. p. 323.) says, “ If a note be payable at a particular place, it is usual, though not necessary, so to describe the contract. But in an action against an endorsar, in which case a presentment is necessary, it seems proper to aver a presentment at the particular place. In an action against the maker of a note, or acceptor of a bill, an allegation of presentment for payment is never stated, though, when the payment is stipulated to be made at a particular place, sometimes an averment of presentment is stated.” Again, (page 184,) u where the acceptor undertakes to pay within a certain period after demand, he may insist on the want of presentment; and where he appoints the payment to be made by another person, as at his banker’s, he, as well as every endorsor, is, prima facie, entitled to insist on the want of a proper presentment to such person; but such prima facie evidence may be rebutted by proof of the want of effects in the hands of such banker.”
Time and place are not of the essence of the contract, though they may make part of it, by express stipulation. They do not constitute a condition on which the existence of the debt is to depend. They relate only to the mode in which the contract is to be executed. Where a person borrows a sum of money of another, which lie promises to pay at a future day, it is debitum in presentí, solvendum in futuro. Generally, the time given for the payment is for the benefit of the debtor, and he cannot be compelled to pay it before the time has expired; but he may, if he chooses, pay it sooner, and thereby discharge the debt. So, if he becomes bankrupt or insolvent before the stipulated time of payment arrives, the creditor is entitled to his share or dividend of the bankrupt’s estate; tor the debt is absolute and certain, though the right of action has not accrued. It would be otherwise, if the debt was conditional or contingent.
Where a particular place for the payment is specified in the contract, it must be supposed to have been inserted as much for the advantage of the creditor as of tlie debtor; and if the debtor has a right to insist on paying at the particular place specified, and not elsewhere, the creditor has an equal right, and may refuse to receive payment at any other place; (1 Roll. Mr. 446. Co. Lit. 212. a.) but if the debtor tenders the money, personally, to the creditor, and pays it into court, can the creditor, also, recover damages for a breach of the contract, because the debtor did not pay it, at the particular place stipulated, to the creditor or his agent, who was there ready to receive it? The just inquiry is, has the debtor suffered any loss by reason of the debt being demanded of him at a place different from the one stipulated ? If he has, he must show it.
In Herring v. Sanger, (3 Johns. Cas. 71.) the note was made payable at the Bank of Albany, yet the court said’ that a personal demand of the maker, no objection being made, was sufficient. In Berkshire Bank v. Jones, (6 Mass. Rep. 524.) the note was payable at the Berkshire Bank, and the plaintiffs were *212 endorsees. Parsons. Ch. J., said, ({That a demand of payment need not be made at any other place; and if the holder is at the bank on the prescribed day, ready to receive the.money, if the maker be there, it is enough for him. He was not bound to look up the maker, or demand payment of him at any other place. (13 Mass. Rep. 556.) In Ruggles v. Patten. (8 Mass. Rep. 480.) an action was brought by the endorsee against the maker of a promissory note, payable four months after date, 11 at the Penobscot Bank, kept at J3uck.sf.own.’f The defendant, among other pleas, pleaded, that the holder of the note was not ready or present, at the time and place stipulated, to receive payment of the note, and did not demand the same of the defendant, as the plaintiff had alleged. To this plea there was demurrer, and the court held, that it was no bar to an action on a promise to pay money ; and that the issue tendered by the plea was, therefore, immaterial.
The judges of the courts in England have laid great stress on the inconvenience that would arise from the doctrine, that it was not necessary to demand payment of the maker of a note, or the acceptor of a bill, at the place at which it was made payable. “ Suppose,” says Chambre, J., “ a bill is drawn on you just before you are going out on a circuit, which will fall due while you are absent; what are you to do, but to deposit the money at your banker’s, and accept the bill payable there ? Otherwise you would he liable to be arrested at any place in the course of your journey,.where you might not be provided with money/’ Such a doctrine would greatly restrain the circulation of notes and bills of this sort; it would confine them to tradesmen who have a fixed house of trade, and clerks always there, which would greatly impede business and public convenience.” But the true question is, what is the contract of the parties ? Have they agreed, that unless the creditor goes to the particular place specified to receive his money, he shall have no right of action against his debtor?