Ouria, per SAVAGE, Ch. J.
The question raised by the demurrer, has, I apprehend, been already decided by this court. The case of Wolcott v. Van Santvoord, (17 John. 248,) contains all the law necessary to its decision. In that case, the declaration was demurred to, because a dcmand at the place of payment was not averred. Chief *271 Justice Spencer reviewed most of the cases, and discussed the subject with his usual ability. A majority of the court held that such an averment was not necessary; but that if the defendant was ready, at the time and place, to pay the money, that was matter of defence in bar of damages ; and might be pleaded by bringing the money into court, the same as a tender. The chief justice says, “It is perfectly well settled, that when a debt or duty exists, such as the payment of a sum of money, a tender of the money, though it be refused, does not extinguish the debt or duty.” So in Fenton v. Goundry, (13 East, 473,) Bayley, justice, says, “ If this were to be taken to be a place fixed on by the contract for the payment of the money, *and if the defendant had his money there on the day, ready to pay it if demanded, he might have pleaded that he was ready to pay the money at the day and place appointed, and bring the money into court; and that would not be a plea in bar of the action; but in bar only of damages.” These remarks were made in an action by the holder of a bill of exchange against the acceptor, where the acceptance specified the place of payment.
There is certainly much confusion in the English cases on this question. In Saunderson v. Bowes, (14 East. 507,) lord Flhnhorough takes a distinction between the case of Fenton v. Goundry, and the case then before the court, which was a note payable on demand at the Workington bank. And Bayley, justice, says, “ Where a person contracts generally to pay a sum of money, he is liable to the creditor everywhere; but when a person binds himself, even by bond, to pay at a particular place, then he is not holden at any other place; and the demand must be made upon him there. So here, the defendants, having contracted to pay on demand, at a particular place, are not liable but upon a demand at that place.” In the case of Ruggles v. Patten, (8 Mass. Rep. 480,) the action was on a note payable at the Penobscot bank. The defendant’s fourth plea was, after protesting that he was ready and willing to pay at the time and place mentioned, that the plaintiff was not present to receive payment, and did not demand it. The *272 Court say this is no bar to an action on a promise to pay money.
, . Whatever be the rule in other courts, the rule of this court must be considered settled in the case of Wolcott Van Santvoord; that when a promissory note is payable at a particular place on a day certain, the holder of the note is not bound to make a demand at the time and place, by way of condition precedent to the bringing of an action against the maker. But if the maker was ready to pay at the time and place, he may plead it as he would plead a tender, in. bar of damages and costs, by bringing the money into court.
'“In the case of a note payable on demand at a certain place, a bank for instance, I apprehend a demand would be necessary, and must be averred. (5 Taunt. 30; 16 East, 112.) But in the case now under consideration, the plaintiff in error did not state enough in his plea in the court below. The plea is bad in two particulars: 1, It should net have been pleaded in bar oof the action, but of the damages; 2. It should have shown that the defendant was then ready, by bringing the money into court.
Judgment affirmed.