Stanard, J.
The counsel of the defendants in error have, to support the judgment of the circuit court in this case, endeavoured to maintain three propositions : 1st, That the note on which the suit is brought being made payable in Washington, the laws of that part of the district of Columbia govern the construction and effect of the contract. 2dly, That the laws of Maryland are those of that part of the district; that the statute of 3 and 4 Anne forms a part of those laws; and consequently the note in question is a commercial negotiable security, the obligation and effect of which are to be ascertained by the lex mercatoria. 3dly, That such being the nature of the note, no action can be maintained on it, unless it be alleged and proved that it was presented by the payee or holder, for payment, at the time and place specified on the face of the note.
Conceding,, for the purposes of this case, that the first and second of the foregoing propositions are cor *522 rect, the defendants in error would perhaps find an insuperable difficulty in availing themselves in this case 0f the second; because the laws of Maryland are not found as matters of fact, and non constat what those laws are¡ uniess the court can take judicial notice of them: and if it could, then, according to the decision of the supreme court of that state, the third proposition is not sustainable, but on the contrary that decision ascertains, that to the maintenance of an action on the note in question, it is not necessary to allege or prove the presentment of the note by the payee or holder, at the time and place specified on the face of it.
The question, however, involved in the third proposition is one of general importance in relation to commercial securities that are undeniably such according to our laws, and I deem it fit that the public should not be left in uncertainty as to the judgment of this court on that question : and as it has been very fully and ably discussed, and I have formed a distinct and decided opinion on it, I think it proper to express it on this occasion.
My opinion is, that it is not necessary, to sustain an action against the acceptor of a bill of exchange or maker of a promissory note payable at a lime and place specified in the acceptance or note, to aver or prove a presentment and demand at the time and place so specified. This opinion is sustained by eight of the twelve common law judges of England, in the case of Rowe v. Young, 2 Brod. & Bing. 165. 6 Eng. Com. Law Rep. 53.—by the decision of the supreme courts of all the states in which it has been (as far as I am informed) adjudicated, as is shewn by the cases of Foden & Slater v. Sharp, 8 Johns. 183. Wolcott v. Van Santvoord, 17 Johns. 248. Caldwell v. Cassidy, 8 Cowen 271. Weed v. Houten, 4 Halst. 189. Bowie v. Duvall, 1 Gill & Johns. 175. Ruggles v. Patten, 8 Mass. Rep. 480. M’Nairy v. Bell, 1 Yerger 502. Mulhovin v. Han *523 num, 2 Yerger 81. and by the unanimous decision of the supreme court in the case of Wallace v. M’Connell, 13 Peters 136.
The full discussion that the question received in some of those cases supersedes the necessity of entering upon that discussion here. The cases furnish a firm foundation of authority for the opinion I have expressed.;, and the arguments of the judges in some of them furnish a full exposition of the principles of law, reason and justice by which it is sustained. It is perhaps a needless caution to say that this opinion does not em- ■ brace the case of a note or acceptance payable, in terms, on demand at a particular place, without specification of time, or payable, in terms, on demand at a particular place, after the lapse of a specified time. In such cases it would probably be held that there is no default of the maker or acceptor until such demand be made: and consequently that no action would accrue to the payee until such demand should be made.