Denio, O. J.
The complaint contains a distinct averment of an indebtedness by the defendant to the plaintiffs, for work and labor to an amount equal to the sum claimed. The paper which it is alleged was given for this indebtedness was not a bill of exchange. The idea of a bill, under the law merchant, supposes the existence of a party other than the drawee, to whom the bill is addressed, and who is therein requested to pay the amount to the holder on account of the drawer. Here the party with whom the plaintiffs dealt was the corporation which, being an artificial *339 person, could only act by agents, The president was one agent, and the treasurer was another, and as a convenient method of keeping the accounts, the former, whose duty it was to adjust the claims for labor, made his warrant in favor of the plaintiffs on the treasurer, who was entrusted with the duty of keeping the money and paying it out on proper vouchers. Both the drawee of the order and the party to whom it was addressed represented the corporation; and neither incurred, or were expected to incur, any personal obligation. The default of either, in performing any duty respecting the order, would be the default of the corporation, and would not subject either of them to any individual liability. The giving of the order for the debt of the corporation, was a method suggested by motives of convenience for transacting its business and keeping its accounts. To require of the holder of such a draft, the kind of diligence which the law exacts of the holder of commercial paper, would be a perversion of its object. It is argued by the defendant’s counsel, that the plaintiffs having taken a draft on the defendant’s treasurer, for his debt, they must be understood to have assented to their forms of doing business, and should be holden to make a presentment of the draft before suing the company. It would certainly be wrong to allow the creditor in such a case to subject the company to costs, when the funds are ready, and when the,money would be paid upon the presentation of the paper. But the answer to the argument is, that the creditor will be defeated in his action, as to damages and costs, if the company are able to show that its treasurer was furnished with funds, and would have paid the demand if he had been called on. It becomes, then, a question as to the onus probandi. In Wolcott v. Van Santvoord (17 John., 248), it was settled, upon much consideration, that in an action against the acceptor of a bill, or the maker of a note, payable at a particular place, it is not necessary for the plaintiff to aver or prove a demand of payment at the time and place appointed. This has been *340 considered the unquestioned law ever since the judgment in that case, a period of nearly forty years. After such an acquiescence in a principle of such constant application, and which relates to the most practical of subjects, the effect of commercial paper, we cannot listen to the suggestion of the defendant’s counsel, that the prior cases in England are the other way. If, upon examination, we found them to be so, we should not depart from the rule as we find it settled and universally acted on in this state. The drafts which the plaintiffs received'for their debt against this corporation, are in the nature of promissory notes, pay able at the office of the treasurer of the company. Though in the form of bills, they contain an acknowledgment in writing of their indebtedness to the plaintiffs in the amounts mentioned in them, and an undertaking, in effect, to pay these amounts at the treasurer’s office. In Miller v. Thomson (3 Manning & Gr., 576), the Court of Common Pleas, in England, determined that an instrument in the form of a bill of exchange, drawn upon a joint stock hank, by the manager of one of its branches, by order of the directors, might be declared upon as a promissory note. The chief justice said there was the absence of the circumstance of there being two distinct parties, as drawer and drawee, which, he said, was essential to the constitution of a bill of exchange. That being so, he added, the only alternative is that this instrument is a promissory note, and is properly declared upon as such. We adopt the principle of this case, which is strictly applicable to the one before us. The issue, therefore, which was joined upon the question whether these orders had been presented for payment, was an immaterial one, and the Supreme Court was right in its judgment.
Shankland, J.,
delivered an opinion to the same effect, and all the judges concurred, except Comstock and Brown, *341 who not having heard the argument took no part in the decision.
Judgment affirmed.