JAMES R. HILLS, Respondent, *v.* GEORGE PLACE, Appellant.

The naming of a bank in a promissory note as the place of payment, does not make the banking association an agent for the collection of the note or the receipt of the money. No power, authority or duty is thereby conferred upon it in reference to the note.

No presentment at the place named is necessary to give a right of recovery against the maker. It only relieves him from damages if he was ready at the time and place named to pay it, and there was no one to receive it. Such readiness is equivalent to a tender, and an answer pleading that fact, and payment of the money then due into court, will be a bar to the recovery of interest and costs, but not to the cause of action.

Where, therefore, the maker has put funds in the bank sufficient to pay the note when due, and has given instructions to pay upon presentation, but, the note not having been presented at maturity, has thereafter withdrawn the funds and has not brought the money into court, the owner of the note is entitled to judgment thereon for both principal and interest.

(Argued January 6, 1872; decided May term, 1872.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment entered in favor of the plaintiff on a verdict.

The action was brought to recover the amount of a promissory note, made by the defendant, payable one month after date, at the Hanover National Bank of the city of New York, to the order of D. Russel, and by him indorsed to the plaintiff.

The judge, on the trial, after the testimony was closed, directed the jury to find a verdict for the plaintiff for the amount of the note and interest, to which direction an exception was taken by the defendant.

The facts material to the decision of the case in this court are sufficiently stated in the opinion.

*H. C. Place* for the appellant. Defendant had until three o'clock to pay the note. (*Oslome* v. *Moncure*, 3 Wend., 170; *Smith* v. *Aglesworth*, 40 Barb., 104; Chitty on Bills, 406; 12 Johns., 423.) Defendant was only required to deposit the

Opinion of the Commission, per Lott, Ch. C.

money in the bank; this was done, and the defendant cannot be held liable for costs nor interest. (*Fulton and others* v. *Goundy*, 13 East's R., 459; *Sanderson* v. *Bowes and others*, 14 id., 50; *Dickinson* v. *Bowes and others*, 16 id., 110; *Gammon* v. *Schmoll*, 5 Taunt., 344; 21 Pick. and cases cited, 310.) Defendant was entitled to judgment, barring plaintiff from the recovery of costs and subsequent interest. (4 Johns. R., 183; 17 id., 248; 13 East., 473; 21 Pick., 310; *Bowes* v. *Howe*, 5 Taunt., 30.)

*J. R. Hills*, for the respondent, in person. The refusal to pay, when the note was presented, made defendant liable. (*Halliday* v. *Hart*, 30 N. Y., 493; *Whitwell* v. *Brigham*, 19 Pick., 122; *Staples* v. *Franklin Bank*, 1 Met., 43; Story on Prom. Notes, § 226; *Shed* v. *Brett*, 1 Pick., 401; *City Bank* v. *Cutler*, 3 Pick., 414; *Greely* v. *Thirston*, 1 Greenl., 479; *Bank of Cooperstown* v. *Wood*, 28 N. Y., 567.) The defence is in effect a tender; the money should have been brought into court and the fact averred in answer. (*Haxton* v. *Bishop*, 3 Wend., 21; *Caldwell* v. *Cassedy*, 8 Cow., 271; 2 Greenl. Ev., § 600; *Hamilton* v. *Van Rensselaer*, 43 N. Y., 247.)

Lott, Ch. C. The evidence given on the trial, most favorably construed to the defendant, does not prove payment, or establish facts sufficient to bar a recovery for damages and costs, as well as the principal of the note.

It shows that the note was presented for payment on behalf of the plaintiff at the Hanover National Bank, where it was made payable, about eleven o'clock of the day it fell due, and that it was not then paid; that the defendant, on being notified of the fact by the cashier, immediately thereafter, between eleven and twelve o'clock, "put funds in the bank and gave instructions to have it paid on presentation."

It was not presented for payment to or at the bank or to the plaintiff, at any time or place after the funds were so left, before the commencement of this action.

The cashier of the said bank, on being asked "what is the

custom of banks in the city of New York in reference to presenting notes ?" answered, "that the custom is to present a note for payment between ten and three o'clock, but a man has until three o'clock to pay his note, and it cannot be protested until after three o'clock." He also stated that ordinarily notes are presented between ten and three o'clock, and if a note is not paid on the first presentation thereof, that it is necessary to present it again or the second time, according to custom, and that "the notary never goes until three o'clock."

It is clearly established, by the preceding statement, that the note in question was never in fact paid to the plaintiff, but it is shown, on the contrary, that the funds which were left at the bank, to be applied to its payment on presentation, were shortly thereafter actually withdrawn by the defendant himself.

There is no ground for the theory or claim of the defendant's counsel, that "the parties agreed in the note to make the Hanover Bank the mutual receiving agent, and a payment to that agent on the third day of grace of the $230 to pay the note, and an acceptance of that by the agent, was a payment of the note, and the maker had then discharged his obligation, and the holder had only to go to the common agent, the bank, and receive the money."

The bank was in no sense the plaintiff's agent for the collection of the note, or the receipt of the amount due thereon, or otherwise.

It was named, in the connection in which it was used, merely as the *place* where its business was transacted, for the purpose of making payment of the note *there*, without conferring or intending to confer any power, authority or duty on the association itself in reference thereto.

Such designation did not make it incumbent, as a precedent condition, to create a liability or obligation by the maker of the note to pay it or to give a right of a recovery thereon, that it should be presented at that particular place for payment. The effect or consequence of an omission or failure

to make such presentment was not to exonerate the maker from his promise to pay what he had agreed, but only to relieve him from damages in case he was ready at the time and place appointed to pay it, and there was no one there to receive the money. Such readiness is considered equivalent to a tender of the sum payable, and an answer pleading that fact, and a payment of the money due into court, would be a bar to a recovery of interest and costs, but not to the cause of action.

This principle is settled by the decisions in *Wolcott* v. *Van Santvoord* (17 John., 248) and *Caldwell* v. *Cassidy* (8 Cow., 271).

The custom referred to by the cashier does not interfere with that principle. It evidently does not affect the maker's liability. It only shows that the usual banking hours are allowed him to make his payment, and that his note cannot be protested till they have passed.

Assuming that the leaving of the money in the bank, after the demand made by the plaintiff, was sufficient proof of his readiness to pay the note, and is to be considered as a tender of payment in due time, yet he has entirely failed to show that he ever brought the money into court; and as a protest is never necessary to charge or hold the maker, it follows, from the views above expressed, that the plaintiff was entitled to recover the amount of the note, with interest; and, there being no disputed questions of fact, the court was authorized to give a direction to the jury to find a verdict in favor of the plaintiff, for both principal and interest.

It is, therefore, unnecessary to consider the sufficiency of the exception to that direction, so far as it related to the right to recover interest, or what was the effect of the presentment of the note and the refusal to pay it before the deposit of the funds to meet it. The judgment appealed from must be affirmed, with costs.

All concur.

Judgment affirmed.