By the Court.—Curtis, J.
The plaintiff sues to recover the proceeds of a consignment of peaches to the defendants for sale. The defendants answer that they have tendered the plaintiff the amount of such proceeds after deducting the usual and ordinary commissions and expenses. The evidence showed that the defendants were entitled to the sum they claimed for commissions and expenses, and that on the day the summons bears date, and four days before its service, 'they offered to one of the plaintiff’s attorneys, at their office, in legal tender, the balance due the plaintiff, which the plaintiff’s attorney declined to accept, and he was thereupon notified that the money was ready for the plaintiff at any time he wished to have it, and that it had been ready ever since. On the trial the defendants’ counsel offered to produce the money now in court.
The question arises whether the tender made was sufficient to prevent a recovery by plaintiff. This was not a statutory tender, for that can only be made after the action shall be commenced (2 R. S. 554, § 20). The present action was not commenced when the tender was made. The signing of the summons on that day was not a commencement of the action (Code, § 99 ; Kerr v. Mount, 28 N. Y. JR. 659).
Consequently the tender can only take effect as a common-law tender, the effect of which is simply, “ that “ if the plaintiff does not accept the money, and on the “trial the defendant establishes his defence of tender, “then such defence bars the recovery of all interest “subsequent to the tender, and all costs, and entitles ‘ ‘ the defendant to costs, and does not in any event bar “ a recovery of the principal amount due, with interest ‘£ to the day of tender.’ ’ if"otwithstanding any confusion there may have been in decisions elsewhere, the courts in this State have uniformly held, that where a debt exists, a tender of the money, though it be refused, does not extinguish the debt, but only goes to the question *307 of interest and costs (Weston y. Barker, 12 John R. 276 ; Wolcott v. Van Santvoord, 17 John. R. 253 ; Caldwell y. Cassidy 8 Cow. 271; Brown v. Furguson 2 Denis. 179; Hill v. Place, 36 How. P. R. 26, affd. at Gen. T. ; Knight v. Beach, 7 Abb. N. S. 249).
It was error in the court to hold that the establishment of the defence of tender barred the plaintiff’s right to recover the principal amount of his debt, and to direct the jury to find a verdict for the defendants.
The judgment must be reversed, and a new trial ordered, costs to abide the event.