THE SCHOHARIE COUNTY NATIONAL BANK v. BEVARD ET AL.

1. **Promissory note**: NEGOTIABILITY: PLACE OF PAYMENT. A provision in a note that it is negotiable and payable at a certain place designated has no effect upon the negotiability of the note, and does not restrain or limit its negotiability elsewhere.

*Appeal from Palo Alto Circuit Court.*

THURSDAY, JUNE 5.

ACTION on a promissory note which the petition states was assigned to the plaintiff before maturity.

To the third division of the answer there was a demurrer, which was overruled, and the plaintiff appeals.

*Crawford & Soper*, for appellant.

No appearance for appellees.

SEEVERS, J.—The following is a copy of the note sued on:

"SEPTEMBER 10, 1877.

"Nine months after date. I promise to pay to the order of M. A. McClellan one hundred and fifty dollars, for value re-

**1. PROMISSORY note: negotiability: place of payment.** ceived, with interest at ten per cent per annum from date, and agreeing to pay attorney's fees if suit be instituted; negotiable and payable at Shea & Brown's bank, of Emmetsburg, Iowa.

"ALEXANDER BEVARD,

"$150.                    MARGARET A. BEVARD."

The third division of the answer set up a good defense against the payee, and also alleged "that by the terms of said note its negotiability was limited to Shea & Brown's bank, Emmetsburg, Iowa, and none of the indorsements set out in the petition were made at that place. * *" For said reason the plaintiff took said note subject to all defenses. The ground of demurrer was "that the clause contained in the note is not restrictive as to the place of negotiability, and does not prevent its negotiation elsewhere."

The statute provides that promissory notes, like the one in question, are negotiable by indorsement in the same manner as inland bills of exchange, according to the custom of merchants. Code, § 2082.

The provision in the note that it is negotiable and payable at Shea & Brown's bank of Emmetsburg, Iowa, has no effect on the negotiability of the note, or to restrain its negotiability elsewhere. This was held in *Wardel et al. v. Hughes et al.*, 3 Wend., 416. It is "unnecessary to negotiate it at the bank, although by its terms it is made negotiable there." *Middleton v. Boston Locomotive Works*, 26 Pa. St., 257. Nor is it necessary, in order to charge the maker, to make a demand of payment at the specified place. *Wolcott v. Van Santvoord*, 17 Johns., 248; *Wallace v. McConnell*, 13 Peters, 136.

It is evident from these authorities the court erred in overruling the demurrer.

REVERSED.