WILLARD PARKER, Appellant, v. ALBRO B. STROUD and Others, as Executors, etc., of CHARLES STROUD, Deceased, Respondents.

*Note payable on demand at a specified place — failure of the maker to pay it when presented to him at another place — duty of the holder to notify an indorser of such failure.*

This action was brought against the maker and the payee and indorser of a promissory note dated Canastota, November 23, 1870, and payable, on demand, at the Importers and Traders' National Bank, New York city, with use. It appeared that within six months from the time the note was given the maker was requested by letter to pay the note, but failed so to do; that in reply to another letter requesting payment of the whole or a part of the note he said that he was negotiating the sale of some real estate and that if that was effected he would pay the whole. On September 22 and December 13, 1879, letters were written to the maker by the plaintiff's attorney, in which the latter stated that the note had been placed in his hands for collection, and asked the maker to give his early attention to the matter. The maker was solvent until 1877, when he became insolvent to the plaintiff's knowledge. The note was presented for payment at the bank in New York, February 20, 1880, and notice of its non-payment was given to the indorser.

*Held,* that it was the duty of the plaintiff, upon the failure of the maker to pay the note when payment was first demanded of him, to at once present it at the bank for payment and notify the indorser of its dishonor resulting from either or both of the demands.

That by his delay in so doing he had discharged the indorser from all liability upon the note.

Appeal from a judgment dismissing the complaint, entered upon a nonsuit directed at the circuit.

*Earl L. Stimson* and *Arthur H. Masten,* for the appellant.

*Thomas & M. E. Barlow,* for the respondents.

Brady, J.:

This action was founded upon a promissory note in form as follows:

<div style="float:left">Fifty-five cents<br>Int. Rev. Stamp, canceled.</div>

"$1100.                          "Canastota, N. Y. *Nov.* 23, 1870.

"On demand, I promise to pay to the order of Charles Stroud eleven hundred dollars, at the Importers and Traders National Bank, New York City. Value received — with use.

                                        "V. W. MASON.

Endorsed — "Charles Stroud,
                    ."Canastota, N. Y."

The maker permitted the judgment to pass against him by default. The indorser Stroud answered, but died pending the action, which was duly continued against his executors. The complaint alleged a demand of payment and notice of non-payment on the 20th of February, 1880. The answer set up as a defense:

*First.* A demand of payment of the maker within a year after the note was delivered; that it was not paid, and that no notice of such non-payment was given to the indorser.

*Second.* That the time of payment of the note, after demand, had been extended without the knowledge or consent of the indorser; and

*Third.* The statute of limitations, as against the indorser.

The evidence shows that the interest upon the note was paid up to the 23d of November, 1875, and further, that on the 22d of September, 1879, a letter was addressed to the maker, at his place of residence, by the counsel of the plaintiff, advising him that the note had been placed in his hands for collection, and asking early attention to the matter, and again on the thirteenth of December following; but no demand was made at the bank at which the note was payable until the 20th of February, 1880. It also appeared that within six months after the note was given there was a request of the maker, by letter, to pay it, which was not complied with; and, further, that another letter was received by the maker requesting payment of the note, or part of it, to which the reply was that he was negotiating the sale of some real estate which, if effected, he would pay the whole. The precise time when this letter was received does not appear, but it seems to have been prior to the demand of the plaintiff's counsel in 1879. It also appeared that the maker's

financial condition was good until about 1877, at which time he advised the plaintiff that he was unable to pay, and requested further time. It thus appeared that the payment of the note had been demanded years before the demand was made at the bank, and of which latter demand only the indorser was notified, namely, in 1880.

The plaintiff insists that the prior demands are of no avail, inasmuch as they were not made at the bank where the note was payable. But this proposition should not be sustained, for the reason that the maker, when applied to personally, admitted his inability to pay, from which it is clear that there were no funds in the bank for the purpose. The presentation at the bank, if necessary as a matter of form, should then have been made, in addition to the personal demand, if the plaintiff designed to hold the indorser. He knew from the maker's declaration that the note could not be paid, and he was, therefore, advised of the essential fact which put upon him the obligation to send notice to the indorser. The disposition of the plaintiff to assist the maker, by granting extensions, is quite apparent from the evidence, and the inference may be fairly drawn that he did not consider the indorser, or, if he did, disregarded his rights. Assuming that the case of *Merritt* v. *Todd* (23 N. Y., 28) defines the respective obligations and duties of parties to an instrument such as the one in suit, nevertheless it does not control the disposition of this case.

The note sued upon in that case was payable on demand, with interest, it is true, but when demand for payment was made, and payment refused, notice of the dishonor was promptly given. The court declared that the note was a continuing security, and that the indorser remained liable until an actual demand and notice. Such is no doubt the general rule. This rule, applied here, disposes of this appeal, without considering any other question. The demands made of the maker for payment within the year, and subsequently and prior to the demand at the bank, were actual demands, under the circumstances, disclosed by the evidence. The demand at the bank was a mere form, the result of which might readily be anticipated by the plaintiff, with his knowledge of the maker's financial condition, of which he had been advised, and it was an idle ceremony as to such result. It has not been declared in any case which

has been found, that a presentation for payment, to the maker of a note payable on demand, is not an actual demand, although the note is payable at a particular place. A strict compliance with the terms of the note in that respect could be insisted upon only by the indorser. The maker would not be discharged by the omission. (*Hills* v. *Place*, 48 N. Y., 520.) If the holder chose to adopt another mode of presentation, and in that way learn of the inability of the maker to pay, he cannot delay the formal presentation, deal with the maker by extending his time, and when he finds that insolvency has intervened, make presentation at the stipulated place, and insist that prior to that act there was no actual demand. The indorser here did not put his defense only upon the ground that the plaintiff omitted within the year to make a demand at the bank, but mainly upon the ground that he made a demand of the maker, and was advised of the inability to pay, and omitted to give notice of the fact to him. The obligation resting upon the plaintiff when he demanded payment of the note from the maker, was to present it to the bank for payment, and to notify the indorser of the dishonor of the note resulting from either or both of the demands. The principles of justice applicable to this case seem, therefore, to demand that the judgment should be affirmed.

Davis, P. J., concurred.

Daniels, J.:

I entertain serious doubts whether the requests made for payment or part payment of the note, and the failure of the maker to comply with such requests, dishonored the note. The requests seemed to be of a friendly nature, not made in such a manner as indicated an intention to end the credit. But as my brethren are confident in their conclusions that the requests, followed by the failure to pay, did dishonor the note, and relieved the indorser, although by the terms the bank was designated the place for such demand, I defer to their superior wisdom, and concur in the decision.

Judgment affirmed.