By the Court.
Freedman, J.
The theory of the .action is that the deposit of the sum of §11,672.50, by the treasurer of the Colorado Cattle Co. with the Union Trust Co., to be applied in payment of the coupons of certain bonds of the Cattle Company, then outstanding, amounted to the creation of an irrevocable trust; that part of the trust fund came into the hands of the defendant; and that defendant took it as a volunteer and with notice of its character.
Whether a remittance of funds, with instructions to pay to a third party, constitutes a revocable appropriation or an irrevocable trust, is mostly a question of intent. To create a trust, the. acts or words relied upon must be unequivocal (Young v. Young, 80 N. Y. 422). As a rule such a remittance will not be construed as creating an irrevocable trust, so long as the funds are at the risk of the remitter, and not of the intended payee (2 Story’s Eq. Jur. § 1045).
.From the words of the coupons in question it appears that the coupons are payable to bearer at a specified time and place, and that consequently they are negotiable promises for the payment of money and that as such they are subject to the same rules to which promissory notes are subject (Evertson v. The National Bank of Newport, 66 N. Y. 14).
As to promissory notes it is well settled, in this state, at least, that “ funds in bank ” is no defense available to the maker of a note payable at the bank, to an action upon the note, except (if the amount be paid into court), as to interest and costs. In other words, a deposit of money in bank to meet a note payable there, is not a payment, but only a tender (Wolcott v. Van Santvoord, 17 Johns. 248 ; Caldwell v. Cassidy, 8 Cow. 271; Hills v. Place, 48 N. Y. 520 ; Salt Springs Nat. Bk. v. Burton, 58 Ib. 430).
Even if the bank fails with the funds in its hands, this *87 is no defense to the note on the part of the maker (Indig v. The National City Bank, 80 N. Y. 100).
In the case at bar, it was specifically found by the learned judge below, as matters of fact, that in the making of the deposit by the treasurer of the Colorado Cattle Co. with the Union Trust Co., it was not in the contemplation' of any of the parties to the transaction that the deposit should constitute a trust fund applicable to the purpose of the payment of the coupons alone, regardless of future instructions on the part of the Cattle Co., and that the then treasurer of the Cattle Co. was not authorized to deposit funds with the Union Trust Co. in an irrevocable trust for coupon-holders.
Upon a careful review of the evidence, no reason appears for disturbing these findings. The present case is therefore clearly distinguishable from the case of the Rogers Locomotive Works v. Kelley (88 N. Y. 231), in which the stipulation was that the money deposited should not be subject to the control of the company which made the deposit otherwise than for the payment of the coupons.
No trust having been created in the case at bar, the plaintiff, in order to maintain his action, was then at least bound to show that he parted with a valuable consideration on the faith of the deposit, for an appropriation not amounting to a declaration of trust will not be held by equity irrevocable, unless made for a valuable consideration (Tallman v. Hoey, 89 N. Y. 537). But the plaintiff gave no such proof.
The plaintiff having failed to establish either a trust or an equitable assignment, and it having been made to appear that, after the lapse of some six months and prior to any demand made by the plaintiff for the payment of his coupons, the defendant, as treasurer of the Colorado Cattle Co. and under and in pursuance of express authority from the board of directors of said company, withdrew from the Union Trust Co. the balance then remaining unexpended by the latter on account of the *88 deposit, the learned judge below was right in holding, that the sum withdrawn from the Union Trust Co. as aforesaid, was, at the time of the beginning of this action, in the possession of the Colorado Cattle Co., or of the defendant as treasurer of said Cattle Co., and not of the defendant personally, and that no cause of action against the defendant had been made out.
The views so far expressed render it unnecessary to pass upon plaintiff’s exceptions in detail.
The judgment should be affirmed, with costs.
Sedgwick, Oh. J., and Van Voest, J., concurred.