JULIEN T. DAVIES, AS RECEIVER, ETC., RESPONDENT, *v.* NEW
YORK CONCERT COMPANY (LIMITED), APPELLANT,
IMPLEADED WITH OTHERS.

*When an action to foreclose a mortgage may be brought by a bondholder, on the refusal
of the trustee to bring it — the complaint must allege a failure to comply with some
obligation for a breach of which the mortgage authorizes such an action to be brought.*

The plaintiff, the owner of twelve bonds, secured by a mortgage issued by the
defendant corporation, upon which two quarterly installments of interest had
become due and payable, brought this action to procure a foreclosure of the
mortgage. The complaint alleged that the plaintiff had, after the default,
applied to the defendant Daboll, to whom the mortgage had been executed as
trustee for the benefit of the bondholders, to institute a suit to foreclose the
mortgage, and that the said Daboll had refused to do so.

*Held,* that this refusal of the trustee authorized the plaintiff to bring the action.

The allegations of the complaint as to the default of the company, stated that
among the interest coupons which were held and owned by the plaintiff's
assignor, were twelve coupons for fifteen dollars each, payable on January 1,
1884, and twelve coupons for fifteen dollars each, payable on April 1, 1884,
and that said coupons were not paid at maturity, nor was any of them
paid, or any part thereof. It was not alleged that the company had neglected
or refused to pay them at the place or in the manner provided in the mortgage,
nor that it had been in any form requested to pay them, or that it had neglected
to comply with any such request, or that it was in any manner in default.

*Held,* that as it was apparent from the provisions contained in the mortgage, that
more than the mere fact of the non-payment of the coupons was required to
be shown to authorize an action to be brought for its foreclosure, a demurrer
interposed to the complaint upon the ground that it did not state facts sufficient
to constitute a cause of action should be sustained.

It was also alleged in the complaint that the company had neglected to perform
the covenant in the mortgage to bear, pay and discharge, as soon as the same
became due and payable, all taxes, charges and assessments imposed by law
upon the mortgaged premises.

*Held,* that this averment would not entitle the plaintiff to maintain the action, as
the trustee was not informed of this default, or requested to commence an
action to foreclose the mortgage on that account.

APPEAL from an interlocutory judgment, entered upon an order
overruling a demurrer interposed to the complaint, upon the ground
that the plaintiff had not legal capacity to sue, and upon the
ground that the complaint did not state facts sufficient to constitute
a cause of action, and also from the order overruling the demurrer.

*David Leventritt*, for the appellant.

*William B. Hornblower*, for the respondent.

DANIELS, J. :

The plaintiff was appointed and qualified as receiver of the insolvent firm of Grant & Ward. This firm was at the time the owner of twelve mortgage bonds for the sum of $100 each, and of the coupons annexed issued by the defendant and secured by a mortgage upon its real estate. Two quarterly installments of fifteen dollars on each bond had become due on coupons which matured on the 1st of January and the 1st of April, 1884, and before the plaintiff was appointed receiver. The mortgage was executed to the defendant Nathan Daboll, as trustee for the benefit of the holders of the bonds. The plaintiff, after his appointment, applied to the trustee to institute a foreclosure suit upon the mortgage to collect the amount unpaid upon these coupons, which he then refused, and still refused to do at the time of the commencement of the action. And for that refusal the plaintiff was permitted to bring this action for his own benefit, and that of the other parties holding the bonds of the corporation. A demurrer was interposed to the complaint, by which it was objected that the action should have been in the name of the trustee, and that the facts stated in the complaint failed to constitute a cause of action.

The first objection does not require to be specifically considered, for it has now become very well settled where a trustee refuses, upon a proper request made to him for that purpose, to take necessary legal proceedings for the protection of the beneficiaries under the trust, they may, by the appropriate form of action, proceed for their own protection, and the enforcement and maintenance of their rights and interests under the trust. (*Weetjen* v. *St. Paul, etc., R. R. Co.*, 4 Hun, 529; *Same* v. *Vibbard*, 5 id., 265; *Greaves* v. *Gouge*, 69 N. Y., 155; *Brinckerhoff* v. *Bostwick*, 88 id., 52, 56; *Memphis City* v. *Dean*, 8 Wall., 65, 73.)

A more serious difficulty in the way of the maintenance of the plaintiff's action is presented by the other objection stated in the demurrer, and that is, that the complaint does not state facts sufficient to constitute a cause of action. What the complaint avers upon the subject of the defendant's default in payment is that "among the

interest coupons which were held and owned by the said firm of Grant & Ward, were twelve coupons for fifteen dollars ($15) each, payable on the 1st day of January, 1884, and twelve coupons for fifteen dollars ($15) each, payable on the 1st day of April, 1884, and that said coupons were not paid at maturity, nor was any of them paid, or any part thereof." And that is all that has been stated as to the fact of the non-payment of these coupons. It is nowhere alleged that the company had neglected or refused to pay them, as it was obligated to do that by the mortgage, or that it was in any manner in default. Neither is it alleged that it has been in any form requested to pay them, or that it has neglected to comply with any demand or request for that purpose. But all that is alleged is, that these coupons were not, nor was any part of them, paid at maturity. And that is consistent with the fact that no default had been made by the company which would, according to its own terms, permit a foreclosure of the mortgage.

The mortgage contemplated the intention to have been that more than this mere fact of non-payment should transpire before the right to bring an action for its foreclosure could arise, for it has been provided in it that it was made for the "security and protection of the owners and holders of the bonds and interest warrants aforesaid, or any or either of them, and for the enforcing payment thereof when payable, in accordance with the true intent and meaning thereof and of the stipulations of this conveyance;" and "so long as any of the said bonds shall be and remain outstanding the party of the first part will appoint and maintain the Marine National Bank in the city of New York, or some other bank, or a trust company in the said city of New York, as its agent, whereat payment shall be made of the interest and principal of the bonds secured;" and no default in the observance of this obligation is alleged in the complaint.

It has been further provided in the mortgage that if the "party of the first part, its successors or assigns, shall well and truly pay, or cause to be paid, unto the holder of each and every of the bonds aforesaid the principal and interest to grow due thereon at the times and places and in the manner stipulated in the said bonds and the coupons, or interest warrants attached thereto, according to the true intent and meaning thereof,    *    *    *    then these presents and the

estate hereby granted shall cease, determine and be utterly null and void."

It is further declared that "if default shall be made in the payment of the principal or interest of the bonds aforesaid, or any of them or of the interest thereon, * * * the said party of the second part, his successors, legal representatives or assigns shall also be at liberty immediately after any such default upon a complaint filed, or other proper legal proceedings being commenced for the foreclosure of this mortgage on account of default in the payment of principal or interest, or both," * * * to apply for and secure the appointment of a receiver, and to apply the rents and profits "to any deficiency which may exist after applying the proceeds of the sale of the said premises to the payment of the amount due, including interest and the costs of the foreclosure and sale."

It was also provided "that in case of any such default as aforesaid," the mortgage might also be foreclosed by an advertised sale and the amount of the indebtedness paid out of the proceeds, and "until default shall be made in the payment of the principal or interest of the bonds hereby secured, or some of them, * * * "the party of the first part shall be suffered and permitted to possess, hold and enjoy the said premises," etc.

These clauses of the mortgage are in no manner affected or restricted in any respect by any other provisions or directions contained in the instrument, and they clearly contemplate the intention to have been that default should be made by the company in the payment of the mortgaged debt, or of some part of the interest thereon, before an action of foreclosure can be instituted and maintained. The simple circumstance that the coupons have not been paid, which is all that is averred in the complaint and is not inconsistent with the fact of the performance of all the obligations of the company as they have been declared, does not disclose that default which, by the provisions of the mortgage, was required to take place before an action for its foreclosure and a sale of the mortgaged premises can be instituted.

In this respect the case differs from the authorities of *Wolcott* v. *Van Santvoord* (17 Johns., 248); *Caldwell* v. *Cassidy* (8 Cow., 271); *Hills* v. *Place* (48 N. Y., 520); *Locklin* v. *Moore* (57 id., 360), and *Indig* v. *National City Bank* (80 id., 100, 101), relied

upon by the respondent sustaining the right of a party to maintain an action upon a draft, agreement or promissory note made payable at a particular place, without alleging a demand of payment either at that place or of the maker of the obligation, for in those cases the liability of the maker depended wholly upon a simple agreement to pay the debt, and it was sufficient to show in the first instance that payment had not been made, leaving it to the debtor to establish the fact that he had provided funds at the place of payment at the time of the maturity of the demand for its payment there, for in this case the right of foreclosure was not made solely dependent on the fact of the coupons not being paid, but it was made to depend upon an actual default on the part of the company in the performance of these stipulations contained in the mortgage, and neither that default nor any facts from which it can be inferred to exist have been alleged or set forth in the complaint. What was legally requisite for that purpose was to show in some form that the defendant had failed to fulfill or perform the obligations it had assumed for the payment of these interest warrants; and neither of the cases of *Arent* v. *Commonwealth* (18 Grat., 750) ; *Savannah, etc., Railroad Company* v. *Lancaster* (62 Ala., 555), or *Philadelphia, etc., Railroad Company* v. *Johnson* (54 Penn., 127), decides anything relieving the plaintiff from the necessity disclosed by this mortgage of stating a default on the part of the company itself before a foreclosure suit upon it can be sustained, for in each of them the default of the company was affirmatively made to appear. That was not averred or disclosed in this action, and the complaint for that reason did fail to state facts constituting a cause of action.

It has been further alleged in the complaint that the company neglected to perform the covenant in the mortgage to bear, pay and discharge, as soon as the same became due and payable, all taxes, charges and assessments imposed by law upon the mortgaged premises. But that averment will not entitle the plaintiff to maintain the action, for the trustee was not informed of this default, or requested to commence a foreclosure of the mortgage on that account, but the information and request was restricted to a notice informing the trustee of the default in the payment of the coupons, and it was for that alone that the plaintiff became entitled to institute this action for the foreclosure of the mortgage. To secure that right

to him for the omission of the company to pay taxes, charges and assessments, its default in that respect must first be brought to the knowledge of the trustee and a request made to him to proceed upon the mortgage for that default. No knowledge or information of that fact was given to the trustee, and he is not in default, therefore, for failing to institute a foreclosure on that account, and until he shall be put in default the plaintiff, as a party interested under the mortgage, has no right to take this proceeding because of that failure to pay. As the case has been presented the second ground of demurrer was well taken, and the judgment should be reversed and a judgment entered sustaining the demurrer, with leave to the plaintiff to amend the complaint within twenty days after notice of the decision, on payment of the costs of the demurrer and the costs and disbursements of the appeal.

BRADY, J., concurred.

Judgment reversed, judgment entered sustaining demurrer, with leave to plaintiff to amend complaint within twenty days, on payment of costs and the costs and disbursements of the appeal.